734 P.2d 612
**STATE of Arizona, Appellee,**

v.

**Louis Daniel DELK, Appellant.**

**No. 1 CA–CR 10280.**

Court of Appeals of Arizona,
Division 1, Department D.

Dec. 18, 1986.
Review Denied March 17, 1987.

William E. Farrell, Scottsdale City Atty., by Frank Daniels, Asst. City Atty., Scottsdale, for appellee.

Michael J. Dew, Phoenix, for appellant.

Roderick G. McDougall, Phoenix City Atty. by Chris D. Wilson, Asst. City Prosecutor, Phoenix, for amicus curiae.

## OPINION

EUBANK, Presiding Judge.

Appellant raises one issue for our consideration. Is the "anti-plea bargain" provision in A.R.S. § 28–692(C) unconstitutional as violative of Article 6, § 5 of the Arizona

Constitution? The procedural history of the case is as follows.

Appellant was charged in the Scottsdale City Court with violations of A.R.S. §§ 28–692(A) and (B), both class 1 misdemeanors, and other minor traffic infractions. Prior to trial, he entered into a plea agreement with the State. In the agreement appellant agreed to, and did, plead guilty to driving while intoxicated (DWI), in violation of A.R.S. § 28–692(A). The "backups" or minor traffic infractions and the (B) charge were dismissed, and the court imposed the agreed to "alternative" sentence, pursuant to A.R.S. § 28–692.01(C). Appellant timely appealed to the superior court, where his conviction and sentence were affirmed. He timely filed a notice of appeal to this court, and jurisdiction is derived from A.R.S. § 22–375.[1]

After briefing by the parties, this court permitted the City of Phoenix to file an *amicus curiae* brief on the issues raised.

Both appellee and amicus curiae argue that appellant has no standing to challenge the constitutionality of A.R.S. § 28–692(C), *infra.* We agree.

"Generally only those who are injured by an unconstitutional statute may object to its constitutionality." *State v. Burns*, 121 Ariz. 471, 473, 591 P.2d 563, 565 (App.1979).

A person may not urge the unconstitutionality of a statute unless he is harmfully affected by the application to him of the particular feature of the statute alleged to be violative of the constitution. *State v. Varela*, 120 Ariz. 596, 599, 587 P.2d 1173, 1176 (1978); *State v. Smith*, 130 Ariz. 74, 76, 634 P.2d 1, 3 (App.1981).

In the instant matter, appellant has not been injured or suffered any harmful effect. Nothing appears in the record to indicate that the prosecutor had any desire to offer a plea agreement different than the one offered and accepted by appellant. Nothing in the record indicates that appel-

---

1. Pursuant to A.R.S. § 22–375, our jurisdiction is strictly limited to the issue of the constitutionality of A.R.S. § 28–692(C), and "if the statute is facially constitutional, our inquiry is at an end and we are without jurisdiction to review any alleged unconstitutional application of the statute." *State v. Wolfe*, 137 Ariz. 133, 134, 669 P.2d 111, 112 (App.1983).

lant accepted the plea only because A.R.S. § 28–692(C) prevented him from obtaining a more favorable plea. The record does not suggest that appellant made any overtures to the prosecutor with respect to reducing or dismissing any additional charges, or that the prosecutor ever rejected such an offer. Consequently, there is no factual basis whatsoever for any claim of injury to appellant.

Secondly, appellant has no right to either a plea bargain or to a plea agreement. *Weatherford v. Bursey*, 429 U.S. 545, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977); *State v. Morse*, 127 Ariz. 25, 617 P.2d 1141 (1980). Without such a right, he has no personal stake in any unconstitutional infringement by a statute such as this one upon the discretion of the prosecutor.

In a case very similar to this one, the Supreme Court of Wyoming held that a defendant had no standing to attack the constitutionality of Wyoming's "anti-plea bargaining" DWI statute on the grounds that it violated the separation of powers provision of the Wyoming and United States Constitutions. In *Gooden v. State*, 711 P.2d 405 (Wyo.1985), it was reasoned that because a defendant has no constitutional right to a plea bargain, it could not be demonstrated that any right which a defendant might have was infringed by the challenged statute. The court said:

> We hold that Debra Jo Gooden has no right to any plea bargain with the prosecutor nor to the reduction or dismissal of charges against her. Without such a right, she has no personal stake in any unconstitutional infringement by a statute such as this one upon the discretion of the prosecutor. She does not argue any facts that would justify any different conclusion. Under the circumstances of this case, Gooden has no standing to challenge the constitutionality of § 31–5–233(h), W.S.1977 (1983 Cum.Supp.). Her appeal must be dismissed with the result that the judgment and sentence imposed upon her by the county court must stand.

*Id.* at 410.

Appellant concedes he has no right to a plea bargain, but argues that he has a "procedural right to plea bargain," and that A.R.S. § 28–692(C) unconstitutionally infringes upon that right. He argues that because the judicial branch of government has the power to promulgate rules of procedure, pursuant to Article 6, § 5 of the Arizona Constitution, it is a violation of the separation of powers doctrine for the legislature to pass a law which infringes upon plea bargaining in a DWI case.

Specifically, Rule 17.4(a) states:

a. Plea Negotiations. The Parties may negotiate concerning, and reach an agreement on, any aspect of the disposition of the case. The Court shall not participate in any such negotiations.

A.R.S. § 28–692(C) states:

C. The state shall not dismiss a charge of violating subsection A or B of this section for either of the following:

(1) In return for a plea of guilty or no contest to any other offense by the person charged with the violation of subsection A or B of this section.

(2) For the purpose of pursuing any other misdemeanor or a petty offense, including those arising out of the same event or course of conduct, unless there is clearly an insufficient legal or factual basis to pursue the charge of violating subsection A or B of this section.

Appellant argues that this statute unconstitutionally interferes with Rule 17.4(a) because it infringes on his procedural right to plea bargain. He argues that the legislature has unconstitutionally encroached upon the supreme court's rulemaking power, since the statute allegedly prohibits a defendant from negotiating "any aspect" of the case.

■ Appellant's argument is without merit. It fails to consider that the process of plea bargaining or whether it will be engaged in is left to the prosecutor's discretion. Not only is there "no right to plea bargain" but a "prosecutor may refuse to plea bargain with alleged criminal violators" entirely. *State v. Martin*, 139 Ariz. 466, 481, 679 P.2d 489, 504 (1984). The United States Supreme Court has stated:

The court of appeals suggested that Weatherford's continued duplicity lost Bursey the opportunity to plea bargain. But there is no constitutional right to plea bargain; the prosecutor need not do so if he prefers to go to trial.

*Weatherford v. Bursey,* 429 U.S. 545, 560–61, 97 S.Ct. 837, 846, 51 L.Ed.2d 30 (1977). In Arizona, it has been stated succinctly:

However, there is no right to plea bargain. (Cite omitted.) 'No constitutional provision prevents the full prosecution of all criminal law violators, so long as such prosecution is not tainted with invidious discrimination.' (Cites omitted.) ... Thus, while a prosecutor may refuse to plea bargain with alleged criminal violators, he may not do so [for an improper purpose].

*Martin, supra,* 139 Ariz. at 481, 679 P.2d at 504.

■ Rule 17.4(a) does not create a right to plea bargain. The rule merely recognizes that the practice of plea bargaining is constitutionally permissible. *State v. Bishop,* 118 Ariz. 263, 576 P.2d 122 (1978), *vacated in part,* 439 U.S. 810, 99 S.Ct. 69, 58 L.Ed.2d 103, *appeal after remand,* 127

Ariz. 531, 622 P.2d 478 (1981). In our opinion the adoption of Rule 17.4(a) merely gave recognition to the already prevailing practice of plea bargaining and its purpose was to impose procedural standards regulating that practice so as to ensure that a defendant's constitutional rights were adequately protected. Because appellant has shown no injury from application of A.R.S. § 28-692(C), and because he has no right to plea bargain, he has no standing to challenge the constitutionality of that statute.

Since we hold that appellant does not have standing to challenge the constitutionality of A.R.S. § 28-692(C), it is not necessary for us to consider it.

The judgment and sentence are hereby affirmed.

GRANT and HAIRE, JJ., concur.