242 P.3d 171

Martin RIVERA–LONGORIA, Petitioner,

v.

The Honorable Dan SLAYTON, Judge of the Superior Court of the State of Arizona, in and for the County of Coconino, Respondent Judge,

State of Arizona, through David W. Rozema, Coconino County Attorney, Real Party in Interest.

No. 1 CA–SA 10–0068.

Court of Appeals of Arizona, Division 1, Department D.

Oct. 19, 2010.

Keith A. Hammond, PC By Keith A. Hammond, Flagstaff, Attorneys for Petitioner.

David W. Rozema, Coconino County Attorney By Jonathan C. Mosher, Deputy County Attorney, Flagstaff, Attorneys for Real Party in Interest.

## AMENDED OPINION

OROZCO, Judge.

¶1 Martin Rivera–Longoria (Petitioner) petitions this Court for special action review of the trial court's order denying his motion to preclude evidence pursuant to Arizona Rule of Criminal Procedure 15.8.[1] For the following reasons, we accept jurisdiction and grant relief.

## FACTS AND PROCEDURAL HISTORY

¶2 On September 18, 2008, the State indicted Petitioner on one count of child abuse, a class two felony and a dangerous crime against a child. After producing 1144[2] pages of disclosure to Petitioner, the State offered him a plea of seven years' imprisonment. The record contains no evidence that when the State offered the plea bargain, it imposed any deadline for accepting the offer. On May 28, 2009, at a change of plea hearing, Petitioner rejected the State's plea offer. On June 25, 2009, at a *Donald* hearing,[3] Petitioner submitted a signed memorandum expressly stating he understood he was rejecting a seven-year plea offer and was facing the possibility of a ten to twenty-four year term of imprisonment.

¶3 Approximately one month after the *Donald* hearing, Petitioner asked the State whether its plea offer was still available. The deputy county attorney then prosecuting the case, M.S., replied that the plea offer was still open. She informed Petitioner, however, that if the case did not settle, it would be assigned to a new prosecuting attorney, J.M., and the plea offer might not be available. Indeed, after J.M. took over prosecution of the case on August 31, 2009, the plea offer was withdrawn.

¶4 On October 19, 2009, the State provided Petitioner with additional disclosure starting with page 1145. By the date of the petition for special action, the State's disclosure approached 12,000 pages. On February 5, 2010, Petitioner filed a motion pursuant to Rule 15.8 to preclude any evidence disclosed after July 29, 2009. On March 4, 2010, the trial court held oral argument on Petitioner's Rule 15.8 motion. The trial court found Rule 15.8 did not apply to the State's disclosure and denied Petitioner's motion. Petitioner filed this petition for special action seeking a review of the trial court's interpretation of Rule 15.8.

## JURISDICTION

¶5 We have jurisdiction to hear and determine this special action pursuant to Arizona Revised Statutes (A.R.S.) section 12–120.21.A.4 (2003) and Arizona Rule of Procedure for Special Actions 8(a). Special action jurisdiction is highly discretionary and is appropriate when there is "no equally plain, speedy, and adequate remedy by appeal." Ariz. R.P. Spec. Act. 8(a); *State ex rel. Thomas v. Duncan,* 216 Ariz. 260, 262, ¶4, 165 P.3d 238, 240 (App.2007). We are more inclined to accept special action jurisdiction when "the issue presented is one of first impression, is a purely legal issue, and is of statewide significance." *Levinson v. Jarrett ex rel. County of Maricopa,* 207 Ariz. 472, 474, ¶4, 88 P.3d 186, 188 (App.2004).

¶6 In this case, special action jurisdiction is appropriate because the issue presented is a purely legal issue and is of first impression. Additionally, we have previously accepted special action jurisdiction in cases involving the interpretation of a rule of procedure. *See, e.g., Cervantes v. Cates,* 206 Ariz. 178, 181, ¶8, 76 P.3d 449, 452 (App.2003) (accepting jurisdiction, in part, for interpretation of Rule 15.1). Accordingly, in an exercise of our discretion, we accept special action jurisdiction.

## DISCUSSION

¶7 Petitioner argues the trial court erred in denying his Rule 15.8 motion. Specifically, Petitioner contends the trial court

1. Unless otherwise specified, hereafter, an Arizona Rule of Criminal Procedure is referred to as "Rule ___."

2. According to the State, Petitioner received 1148 pages of disclosure.

3. *State v. Donald,* 198 Ariz. 406, 418, ¶46, 10 P.3d 1193, 1205 (App.2000).

improperly narrowed Rule 15.8 by defining "deadline" so as to require an expressly stated date accompanying the plea offer. Although we agree a "deadline" is a necessary element of Rule 15.8, we hold the withdrawal of the plea offer in this case constituted a deadline that triggered Rule 15.8.

¶ 8 We review issues involving the interpretation of court rules de novo and "evaluate procedural rules using principles of statutory construction." *Fragoso v. Fell*, 210 Ariz. 427, 430, ¶ 7, 111 P.3d 1027, 1030 (App. 2005); *see State v. Hansen*, 215 Ariz. 287, 289, ¶ 7, 160 P.3d 166, 168 (2007) (principles of statutory construction used to interpret court rules). Additionally, we interpret court rules "in accordance with the intent of the drafters, and we look to the plain language of the … rule as the best indicator of that intent." *Fragoso*, 210 Ariz. at 430, ¶ 7, 111 P.3d at 1030. If the language of a rule is ambiguous, however, we may consider "a variety of elements, including the rule's context, the language used, the subject matter, the historical background, the effects and consequences, and its spirit and purpose" to determine the drafters' intent. *State ex rel. Romley v. Superior Court*, 168 Ariz. 167, 169, 812 P.2d 985, 987 (1991); *see Vega v. Sullivan*, 199 Ariz. 504, 507, ¶ 8, 19 P.3d 645, 648 (App.2001).

¶ 9 Rule 15.8 provides:

> If the prosecution has imposed a plea deadline in a case in which an indictment or information has been filed in Superior Court, but does not provide the defense with material disclosure listed in Rule 15.1(b) at least 30 days prior to the plea deadline, the court, upon motion of the defendant, shall consider the impact of the failure to provide such disclosure on the defendant's decision to accept or reject a plea offer. If the court determines that the prosecutor's failure to provide such disclosure materially impacted the defendant's decision and the prosecutor declines to reinstate the lapsed plea offer, the presumptive minimum sanction shall be preclusion from admission at trial of any evidence not disclosed at least 30 days prior to the deadline.

Although the term "deadline" is not ambiguous on its face, the context in which it is used in Rule 15.8 makes the Rule susceptible to two competing interpretations. First, Rule 15.8 can be interpreted, as the trial court did, to apply only in a situation in which a plea offer contains an expressly stated termination "deadline." Alternatively, Rule 15.8 can be interpreted to apply whenever the State withdraws or otherwise terminates a plea offer, regardless of whether the State specified a "deadline" when it originally extended the offer.

¶ 10 We may consult a dictionary when determining the ordinary meaning of a word. *Cannon v. Hirsch Law Office, P.C.*, 222 Ariz. 171, 177, ¶ 19, 213 P.3d 320, 326 (App.2009). "Deadline" is commonly defined as "a date or time before which something must be done." Merriam–Webster's Collegiate Dictionary, 319 (11th ed. 2003). Nothing in this definition, or in Rule 15.8, however, requires a deadline be disclosed *prior to* its passing. Rather, Rule 15.8 indicates only that its application is triggered when a deadline is "imposed." Moreover, to "impose" means simply "to establish or apply by authority." Merriam–Webster's at 625. In other words, the State *imposes* a deadline on a plea offer when it withdraws or terminates the offer, regardless of whether it specified a termination date when it originally extended the offer.

¶ 11 For example, prior to August 29, 2009, Petitioner was free to accept the State's plea offer because no deadline had been imposed. However, when J.M. took over the case on August 29, 2009, and the plea offer was withdrawn, the State effectively imposed a deadline on the offer by withdrawing it. The effective deadline, for purposes of Rule 15.8, was the last day Petitioner could have accepted the offer. That day, August 28, 2009, was the "date or time before which something must be done"—accepting the offer. *See* Merriam–Webster's at 319. Under Rule 15.8, it does not matter whether the deadline is announced at the time the plea offer is made or, as in this case, the deadline becomes known only at some later time. All that Rule 15.8 requires is that the deadline be "imposed."

¶ 12 This interpretation is consistent with the Rule's spirit and purpose and also furthers the Committee's intent. The Committee Comment to Rule 15.8 reads in part:

[D]eadlines are imposed in order to optimize scarce criminal justice resources and minimize impact to victims. However, when the plea deadline occurs before material discovery is provided to the defense, such deadlines may impact a defendant's constitutional rights. Defense counsel may not have adequate information about the prosecution's case to provide effective assistance to the defendant in making the decision whether to accept a plea offer or proceed to trial, resulting in a plea not knowingly and intelligently made.

New Rule 15.8 balances these interests by requiring that all material discovery listed in Rule 15.1(b) be provided to the defense well enough in advance of any plea deadline to enable the defendant to make an informed decision on the plea offer with the effective assistance of counsel.

¶ 13 Accordingly, Rule 15.8 was designed to protect a defendant's constitutional right to effective assistance of counsel when considering a plea offer. It does not require the State to make a plea offer to a defendant, but it ensures that if a plea offer is extended, the defendant will have all material information to make an informed decision. As the comment notes, Rule 15.8 ensures a defendant's counsel will also have the material Rule 15.1(b) disclosure required to competently advise the defendant about the plea offer. Ariz. R.Crim. P. 15.8 cmt. For example,

[A] lab result may be material to the defendant's decision whether to accept or reject a plea offer. Under Rule 15.1(b), the prosecution does not have to provide the result to the defendant until it is "then existing" and may not even order the report until after the plea deadline. This would not violate Rule 15.1(b). However, under Rule 15.8, the court, upon motion by the defendant, *would consider the impact of the failure to provide the lab report on the defendant's decision to reject the plea offer,* and impose a sanction, if appropriate.

*Id.* (emphasis added).

¶ 14 This interpretation comports with Arizona law regarding plea offers. In *State v. Donald,* we held that

(1) [A] defendant suffers a constitutionally significant injury who loses a favorable plea bargain as a consequence of *ineffective assistance of counsel;* (2) the loss of a favorable plea agreement due to ineffectiveness of counsel is not relieved by the defendant's receipt of a fair trial; and (3) the court has power to fashion a remedy for such a deprivation, including, if warranted under the circumstances, an order to reinstate the original plea offer.

198 Ariz. at 418, ¶ 46, 10 P.3d at 1205 (emphasis added).

¶ 15 In this case, the State argues it never expressly "specified [a] date by which the plea was to be entered or withdrawn." This, however, does not overcome Petitioner's constitutional right to effective assistance of counsel as he evaluates the State's plea offer. Were we to interpret Rule 15.8 as the State contends, a defendant and his counsel could be deprived of information that may be material to a pending open-ended plea offer, whenever the State makes disclosure after revoking an open-ended plea offer. Rule 15.8 requires that if the State "has imposed a plea deadline," it must make material disclosures listed in Rule 15.1(b), thirty days prior to that deadline, whether the deadline is "imposed" by specifying it in advance or "imposed" by a simple announcement that the plea offer is no longer open. If material disclosure is not made until after a plea offer is withdrawn, the defendant is denied his constitutional right to effective assistance of counsel in the evaluation of the plea offer. Because Rule 15.8 was added specifically to avoid such a violation, we must reject the State's interpretation. *See* Ariz. R.Crim. P. 15.8 cmt. (stating that Rule 15.8 is designed "to enable the defendant to make an informed decision on the plea offer with the effective assistance of counsel.").

**576**

## CONCLUSION

¶ 16 For the reasons previously stated, we accept special action jurisdiction and grant relief. We remand the matter to the trial court for a determination of whether the State made material disclosures, pursuant to Rule 15.1(b), after August 28, 2009. If so, the trial court must then determine whether the State's failure to make those disclosures while the plea offer was open materially impacted Petitioner's decision to decline the plea offer. *See* Ariz. R.Crim. P. 15.8. If the trial court determines that the newly disclosed information materially impacted Petitioner's decision, and the State declines to reinstate the lapsed offer, the court shall determine the appropriate sanction pursuant to Rule 15.8.

CONCURRING: DIANE M. JOHNSEN, Judge.

THOMPSON, Judge, dissenting.

¶ 17 Plea bargaining is a core prosecutorial power. *Donald*, 198 Ariz. at 417, ¶ 39, 10 P.3d at 1204. Plea bargaining is within the discretionary power of the prosecutor. *State v. Morse*, 127 Ariz. 25, 32, 617 P.2d 1141, 1148 (1980). "[T]he process of plea bargaining ... is left to the prosecutor's discretion." *State v. Delk*, 153 Ariz. 70, 72, 734 P.2d 612, 614 (App.1986). In Arizona, there is no right to a plea bargain. *Morse*, 127 Ariz. at 31, 617 P.2d at 1147.

¶ 18 In her separate opinion in *Donald*, then-Judge Berch noted that our supreme court had held that "[w]hen or whether to offer a plea agreement is ... a matter committed to the sound discretion of the prosecution, an executive branch agency." *Donald*, 198 Ariz. at 418, ¶ 48, 10 P.3d at 1205. Judge (now Chief Justice) Berch opined "that ordering the prosecution to offer a particular plea agreement transgresses too deeply into the prosecutorial realm and usurps too great a portion of the function of the executive to comport with separation of powers principles." *Id.* In the same way, directing punishment of the prosecution, and disallowing its view of the requisites of justice and public safety, by excluding its evidence disclosed pursuant to its duty under the rules, because

the trial prosecutor, in preparation for trial, withdrew a plea offer *previously explicitly rejected in writing by the defendant*, is an unjustifiable usurpation by this court of powers committed to the executive authority of this state. I would not read Rule 15.8 so broadly as to allow this usurpation, and cannot countenance the result reached by the majority.

¶ 19 Accordingly, respectfully, I dissent.