SUPREME COURT OF ARIZONA
En Banc

| | |
|---|---|
| MARTIN RIVERA-LONGORIA, | ) Arizona Supreme Court |
| | ) No. CV-10-0362-PR |
| Petitioner, | ) |
| | ) Court of Appeals |
| v. | ) Division One |
| | ) No. 1 CA-SA 10-0068 |
| THE HONORABLE DAN SLAYTON, JUDGE | ) |
| OF THE SUPERIOR COURT OF THE | ) Coconino County |
| STATE OF ARIZONA, in and for the | ) Superior Court |
| County of Coconino, | ) No. CR2008-0785 |
| | ) |
| Respondent Judge, | ) |
| | ) |
| | ) **O P I N I O N** |
| STATE OF ARIZONA, through DAVID | ) |
| W. ROZEMA, Coconino County | ) |
| Attorney, | ) |
| | ) |
| Real Parties in Interest. | ) |
| | ) |
| _____ | ) |

Appeal from the Superior Court in Coconino County
The Honorable Dan Slayton, Judge

**REMANDED**
_____

Opinion of the Court of Appeals, Division One
225 Ariz. 572, 242 P.3d 171 (2010)

**VACATED**
_____

KEITH A. HAMMOND, P. C.                                    Flagstaff
     By   Keith A. Hammond
Attorney for Martin Rivera-Longoria

DAVID W. ROZEMA, COCONINO COUNTY ATTORNEY                  Flagstaff
     By   Jonathan C. Mosher, Deputy County Attorney
Attorney for State of Arizona and David W. Rozema

ARIZONA PROSECUTING ATTORNEYS' ADVISORY COUNCIL          Phoenix
     By   Elizabeth Ortiz
Attorney for Amicus Curiae Arizona Prosecuting
Attorneys' Advisory Council

_____

**B A L E S**, Justice

¶1     When an indictment or information has been filed, Rule 15.8 of the Arizona Rules of Criminal Procedure authorizes sanctions if a prosecutor imposes a plea deadline and fails to disclose certain information to the defense at least thirty days before the offer lapses.  We today hold that Rule 15.8 does not apply when a prosecutor withdraws an open-ended plea offer.  In that situation, Rule 15.7 governs the imposition of sanctions for any failure to make required disclosures.

**I.**

¶2     In September 2008, Martin Rivera-Longoria was indicted on one count of child abuse.  After disclosing more than 1,100 pages to the defense, the State extended a plea offer in May 2009 without imposing a deadline for its acceptance.  At a hearing held to ensure that Rivera-Longoria understood the offer's terms and the potential sentence if he proceeded to trial, Rivera-Longoria rejected the offer.  In July, his counsel asked the prosecutor if the offer remained open.  The prosecutor said the offer was still available, but might not be after the case was reassigned to another prosecutor in August.  The new prosecutor subsequently notified Rivera-Longoria that the offer

was no longer available. Beginning in October 2009, the State disclosed more than 11,000 additional pages of discovery.

¶3        Rule 15.8 allows the superior court to preclude certain evidence not disclosed to a defendant at least thirty days before a plea deadline if the failure to disclose materially affected the defendant's decision regarding the plea offer and the prosecutor declines to reinstate the lapsed offer. Rivera-Longoria moved under Rule 15.8 to preclude any evidence disclosed after July 29, 2009. The trial court denied the motion.

¶4        Rivera-Longoria filed a special action in the court of appeals, which accepted jurisdiction and granted relief in a divided opinion. *Rivera–Longoria v. Slayton*, 225 Ariz. 572, 242 P.3d 171 (App. 2010). Reasoning that "the State effectively imposed a deadline on the offer by withdrawing it," *id.* at 574 ¶ 11, 242 P.3d at 173, the court of appeals held that Rule 15.8 applied. Accordingly, the court remanded the case to allow the trial court to determine whether the State had failed to make required disclosures earlier, whether any such failure had materially affected Rivera-Longoria's decision to reject the offer, and, if so, what sanctions would be appropriate if the State then declined to reinstate the plea. *Id.* at 576 ¶ 16, 242 P.3d at 175. The dissent concluded that Rule 15.8 should not apply here, arguing that imposing sanctions for the prosecutor's

3

failure to disclose evidence before withdrawal of a plea offer would violate separation of powers principles. *Id.* at 576 ¶¶ 17-19, 242 P.3d at 175 (Thompson, J., dissenting).

¶5       We accepted review because the application of Rule 15.8 to open-ended plea offers is a recurring issue of statewide importance. The Court has jurisdiction under Article 6, Section 5(3) of the Arizona Constitution and A.R.S. § 12-120.24 (2009).

## II.

### A.

¶6       Disclosure in criminal cases is governed by Rules 15.1 through 15.8 of the Arizona Rules of Criminal Procedure. In 2003, the disclosure rules were substantially amended based on the recommendations of a committee that included judges, prosecutors, and defense attorneys. The 2003 amendments sought, among other things, to align the disclosure rules more closely "with the realities of modern practice," and to recognize "the defense attorney's need for basic information early in the process in order to meaningfully confer with the client and make appropriate strategic decisions." Ariz. R. Crim. P. 15.1, cmt. to 2003 amend.

¶7       The state's disclosure obligations are staggered. In felony cases, at the arraignment or preliminary hearing prosecutors must disclose certain law enforcement reports and expert analyses "that were in the possession of the attorney

filing the charge at the time of the filing." Ariz. R. Crim. P. 15.1(a). In superior court cases, within thirty days after arraignment, the prosecution must disclose additional "material and information" listed in Rule 15.1(b) that is "within the prosecutor's possession or control." *Id.* 15.1(b). Separate disclosure requirements exist for prior felony convictions of state witnesses, *id.* 15.1(d), and for other information specifically requested by the defendant. *Id.* 15.1(e). After the defense has disclosed its intended witnesses, the state must disclose its rebuttal witnesses. *Id.* 15.1(h).

¶8        Rule 15.6 imposes a continuing duty to disclose and generally directs that all required disclosure be completed seven days before trial. The trial court may modify the time for disclosure or order additional disclosure. *Id.* 15.1(c), (g). If the state fails to make a required disclosure, the court may impose appropriate sanctions, which include precluding evidence or declaring a mistrial. *Id.* 15.7(a).

¶9        Rule 15.8 sets forth the state's disclosure obligations in specified circumstances involving plea agreements. This rule provides:

> If the prosecution has imposed a plea deadline in a case in which an indictment or information has been filed in Superior Court, but does not provide the defense with material disclosure listed in Rule 15.1(b) at least 30 days prior to the plea deadline, the court, upon motion of the defendant, shall consider the impact of failure to provide such

5

disclosure on the defendant's decision to accept or reject a plea offer. If the court determines that the prosecutor's failure to provide such disclosure materially impacted the defendant's decision and the prosecutor declines to reinstate the lapsed plea offer, the presumptive minimum sanction shall be preclusion from admission at trial of any evidence not disclosed at least 30 days prior to the deadline.

*Id.* 15.8.

## B.

¶10      We granted review to decide whether the prosecution "imposed a plea deadline" for purposes of Rule 15.8 when it withdrew an offer that did not specify a deadline for its acceptance.  The State, however, argues more broadly that Rule 15.8 is unconstitutional as a violation of separation of powers. Because defendants have no constitutional right to plea bargains and the executive has the prerogative of deciding whether to offer a plea, *see State v. Morse*, 127 Ariz. 25, 31–32, 617 P.2d 1141, 1147–48 (1980), the State contends that Rule 15.8 improperly infringes on executive powers by authorizing the preclusion of evidence if the prosecutor declines to reinstate a plea offer.

¶11      We reject the State's constitutional challenge to Rule 15.8.  The Rule does not require a prosecutor to offer a plea agreement or prevent a prosecutor from withdrawing an offer. Rather, it imposes disclosure obligations if the prosecution imposes a plea deadline.  If certain evidence is not timely

6

disclosed at least thirty days before the deadline, Rule 15.8 provides for sanctions only if two things happen: the court determines the failure to disclose materially affected the defendant's decision regarding the plea offer *and* the prosecutor declines to reinstate the lapsed offer.

¶12 The State correctly notes that defendants do not have a federal constitutional right to disclosure of information before entering into a plea bargain. *See United States v. Ruiz*, 536 U.S. 622, 625 (2002). But a defendant's federal rights do not delimit this Court's power to adopt procedural rules governing disclosure in criminal cases. *Cf. State ex rel. Napolitano v. Brown*, 194 Ariz. 340, 342, 982 P.2d 815, 817 (1999) (noting that Arizona Constitution "vests the power to make procedural rules exclusively in this court").

¶13 Rule 15.8 was adopted to ensure that, once charges have been filed in superior court, basic discovery will be provided to the defense sufficiently in advance of a plea deadline to allow an informed decision on the offer with effective assistance of counsel. Ariz. R. Crim. P. 15.8, cmt. to 2003 amend. The rule does not "subordinate the prosecutor's plea bargaining authority to the discretion of the courts." *State v. Donald*, 198 Ariz. 406, 417 ¶ 42, 10 P.3d 1193, 1204 (App. 2000). The prosecution retains discretion to determine whether to make a plea offer, the terms of any offer, the length

of time an offer will remain open, and the other particulars of plea bargaining.

¶14    The State argues that Rule 15.8, at least as interpreted by the court of appeals, may require it to keep an offer open indefinitely or face preclusion of evidence at trial. This assertion misapprehends the Rule. Potential sanctions are triggered only if the state fails to provide "material disclosure listed in Rule 15.1(b)" at least thirty days before a plea deadline. Ariz. R. Crim. P. 15.8. Rule 15.1(b) concerns "material and information within the prosecutor's possession or control." *Id*. 15.1(b); *see also id*. 15.1(f). In addition, Rule 15.6 requires the prosecution to "seasonably" make additional disclosures when new or different information is discovered. *Id.* 15.6(a). These provisions indicate that Rule 15.8 disclosure obligations relate to Rule 15.1(b) evidence that is within the prosecutor's possession or control when the offer lapses.

¶15    The state does not face Rule 15.8 sanctions if it declines to reinstate a lapsed offer after obtaining new information subject to disclosure under Rule 15.1(b) and Rule 15.6. Nor must a prosecutor extend an outstanding offer's deadline for another thirty days when, after Rule 15.1(b) disclosures have been timely provided, new information comes within the prosecutor's "possession or control." *Id.* 15.1(b).

8

In that situation, if the prosecutor promptly supplements the prior disclosures before the deadline lapses, the disclosures will be "seasonably" made under Rule 15.6.

¶16    A prosecutor who wishes to avoid potential sanctions under Rule 15.8 need only provide the material disclosure identified in Rule 15.1(b) at least thirty days before a plea offer deadline and promptly disclose any additional information under Rule 15.6 before the deadline lapses.  These provisions do not constitute an unconstitutional encroachment on executive powers under the criteria listed in *State ex el. Woods v. Block*, 189 Ariz. 269, 276, 942 P.2d 428, 435 (1997).

### C.

¶17    We turn to whether the court of appeals erred in interpreting Rule 15.8 to apply to an open-ended offer that is withdrawn.  Rule 15.8 applies only "[i]f the prosecution has imposed a plea deadline."  Applying principles of statutory construction to interpret court rules, we give clear language its usual, ordinary meaning unless doing so creates an absurd result.  *Preston v. Kindred Hosps.*, 226 Ariz. 391, 393 ¶ 8, 249 P.3d 771, 773 (2011).

¶18    The term "deadline" is ordinarily understood as a "time limit, as for payment of a debt or completion of an assignment."  *American Heritage Dictionary* 466 (4th ed. 2006).  Deadlines in this sense prospectively identify the period in

9

which a person or entity must take some action. Deadlines "loom" because they can be identified before they expire. Under this well-accepted usage, the prosecution imposes a "deadline" for purposes of Rule 15.8 when it identifies the date by which the defendant must accept a plea offer.

¶19 This interpretation of "deadline" finds support in other language in Rule 15.8 and other disclosure rules. Sanctions under Rule 15.8 apply only if "the prosecutor declines to reinstitute the lapsed plea offer." Ariz. R. Crim. P. 15.8. The word "lapsed" suggests that Rule 15.8 concerns plea offers that expired after an identified date. *Cf. American Heritage Dictionary* 987 (4th ed. 2006) (defining "lapse" to mean, among other things, "[t]o be no longer valid or active; expire"). Rule 15.6 similarly uses "deadline" to refer to a particular date by which certain disclosures must be completed. *See* Ariz. R. Crim. P. 15.6(c)-(d).

¶20 Recognizing that the word "deadline" typically refers to the date or time by which something must be done, the court of appeals reasoned that "deadline" could also be understood to include the time when the prosecution withdraws an open-ended offer. *Rivera-Longoria*, 225 Ariz. at 574 ¶ 10, 242 P.3d at 173. Although a defendant no longer can accept an offer once it is withdrawn, we do not agree that withdrawing an offer without an express deadline is the same as imposing a deadline. A "plea

deadline" and a "withdrawal of an offer" are not analogous: a deadline prospectively identifies a date by which a defendant may accept or reject a plea offer, while the withdrawal of an offer eliminates the defendant's option to accept or reject the plea. Equating the withdrawal of an offer with the imposition of a deadline would also effectively extend Rule 15.8 to all plea offers, since the prosecutor always could potentially withdraw an open-ended offer. This interpretation is contrary to the conditional language of Rule 15.8, which does not say that the rule applies to all offers, but instead applies only "[i]f the prosecution has imposed a plea deadline." Ariz. R. Crim. P. 15.8.

¶21    The court of appeals also concluded that the withdrawal of an open-ended offer could implicate the policy concerns that led to the adoption of Rule 15.8. *See Rivera-Longoria*, 225 Ariz. at 575 ¶ 15, 242 P.3d at 174 (observing that if rule does not apply, "a defendant and his counsel could be deprived of information that may be material to a pending open-ended plea offer, whenever the State makes disclosure after revoking an open-ended plea offer"). There may be some truth to this observation inasmuch as Rule 15.8 reflects the view that defendants should receive certain basic disclosures before having to decide on plea offers made early in the case. *See* Ariz. R. Crim. P. 15.8, cmt. to 2003 amend. But it is difficult

11

to conclude that this observation applies here.  Rivera-Longoria rejected a plea offer months after his arraignment and after at least some disclosures, but then later argued that Rule 15.8 sanctions should apply to evidence disclosed after the State had renewed the prior offer and then withdrew it.  (There is no issue before this Court regarding the sufficiency of the State's initial Rule 15.1(b) disclosures.)

¶22        More importantly, to the extent the policy concerns motivating Rule 15.8 are implicated by the withdrawal of open-ended offers, we think the better approach is to consider amending the rule rather than construing the "imposi[tion] [of] a plea deadline" to mean the withdrawal of an offer without a deadline.  Moreover, apart from Rule 15.8, a trial court is authorized by Rule 15.7(a) to impose "any sanction it finds appropriate" for a failure to timely make required disclosures.  This rule may provide a basis for sanctions, including the preclusion of certain evidence, if a prosecutor fails to provide required disclosures before withdrawing an open-ended offer.  We express no view on whether Rule 15.7 might apply to the facts of this case.

12

## III.

¶**23**     We vacate the opinion of the court of appeals and remand this case to the superior court for further proceedings.


_____
                    W. Scott Bales, Justice

CONCURRING:


_____
Rebecca White Berch, Chief Justice


_____
Andrew D. Hurwitz, Vice Chief Justice


_____
A. John Pelander, Justice


_____
Robert M. Brutinel, Justice