NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Petitioner,*

*v.*

THE HONORABLE ROBERT E. MILES, Judge of the SUPERIOR COURT
OF THE STATE OF ARIZONA, in and for the County of MARICOPA,
*Respondent Judge,*

COREY D. WRIGHT, *Real Party in Interest.*

No. 1 CA-SA 15-0010
FILED 2-26-2015

Petition for Special Action from the Superior Court in Maricopa County
No. CR2013-421289-001
The Honorable Robert E. Miles, Judge

**JURISDICTION ACCEPTED; RELIEF GRANTED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Lisa Marie Martin
*Counsel for Petitioner*

Harla Davison Law Firm, Phoenix
By Harla Davison
*Counsel for Real Party in Interest*

---

**MEMORANDUM DECISION**

Presiding Judge Kent E. Cattani delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge Peter B. Swann joined.

---

**C A T T A N I**, Judge:

¶1　　　　The State of Arizona seeks special action relief from the superior court's order reinstating a lapsed plea offer to Real Party in Interest Corey Wright as a sanction for a discovery violation. Because the State has no adequate right to appeal this type of ruling, we accept jurisdiction. *See* Ariz. Rev. Stat. ("A.R.S.") § 13-4032; Ariz. R.P. Spec. Act. 1(a).[1] For reasons that follow, we grant relief and vacate the superior court's order.

**FACTS AND PROCEDURAL BACKGROUND**

¶2　　　　On June 24, 2014, Wright was charged with one count of possession or use of marijuana, one count of possession of drug paraphernalia, and one count of misconduct involving weapons. Wright rejected plea offers from the State on June 24, 2014, September 11, 2014, and October 29, 2014.

¶3　　　　On July 30, 2014, the State filed a disclosure statement, listing three witnesses by name, as well as an unnamed fingerprint examiner and court clerks. On November 13, 2014, twelve days before trial was scheduled to begin, the State filed a Supplemental Notice of Disclosure, listing seven additional witnesses.

¶4　　　　Wright filed a motion for sanctions and motion to preclude under Rules 15.1, 15.6 and 15.7 of the Arizona Rules of Criminal Procedure, alleging that counsel's investigation of the case had been impaired. Wright also alleged that the late disclosure of an internal file relating to one of the witnesses violated the State's disclosure requirements under *Brady v. Maryland*, 373 U.S. 83 (1963). Wright requested sanctions "including, but not limited to, dismissal of this case with prejudice and preclusion of

---

[1]　　　Absent material revisions after the relevant date, we cite a statute's current version.

witnesses and evidence." Two days later, the court denied Wright's motion to suppress premised on an alleged *Miranda*[2] violation.

¶5　　　　After full briefing and oral argument, the superior court denied Wright's *Brady* claim and found that there was no disclosure violation regarding five of the seven witnesses. As to the remaining two witnesses, the court ruled as follows in a minute entry filed on December 15, 2014:

> Rule 15.6 requires that disclosures made after the initial disclosure must be done "seasonably," presumably meaning within a reasonable time of a party's knowledge of information that would require disclosure. Although the names of witnesses [] Bernal and [] Madrid were disclosed within the "final" seven-day deadline of the rule, that disclosure was not made seasonably. The State acknowledges that it intended to disclose [] Bernal, but failed to do so through inadvertence. And, unlike the [other witnesses] discussed above, [] Madrid, as the Defendant's probation officer, was a name that was available to the State well before the final deadline.
>
> With respect to the appropriate sanction for the State's failure to "seasonably" disclose the names of Officer Bernal and Ms. Madrid, as required by the Rule, the Court finds that dismissal is not appropriate. The Court further finds that preclusion of witnesses Bernal and Madrid is appropriate.
>
> As a further sanction for the State's late disclosure, the State shall reinstate the last plea offer made to the Defendant . . . . The plea offer shall remain open until 3:30 p.m. on December 15, 2014, or as may be extended by the trial judge to accommodate the trial schedule.

¶6　　　　On the day the court filed its ruling, the State filed a Motion to Reconsider, or in the Alternative, Request to Stay. The State pointed out that Madrid and Bernal were minor witnesses that played no part in Wright's prior rejections of the State's plea offers. The State further argued that reinstatement of a plea offer is only appropriate in narrow circumstances not present here. At oral argument on the motion, the State

---

2　　　　*Miranda v. Arizona*, 384 U.S. 436 (1966).

also argued that an order to reinstate the plea offer would violate separation of powers principles.

¶7        The court denied the motion to reconsider, noting that simply precluding the two witnesses would not have been a significant sanction because the prosecutor had indicated that the two witnesses in question were not critical to the State's case. The court denied the State's request for a stay and, over the State's objection, allowed Wright to enter a guilty plea, while deferring acceptance of the plea until sentencing.

¶8        The State thereafter filed the instant special action, and we have accepted jurisdiction to address whether the superior court's order directing the State to reinstate a plea offer is appropriate under the Arizona Rules of Criminal Procedure as a sanction for a disclosure violation.

## DISCUSSION

¶9        We review the superior court's assessment of the adequacy of disclosure for an abuse of discretion. *State v. Roque*, 213 Ariz. 193, 205, ¶ 21, 141 P.3d 368, 380 (2006). We apply the same standard in reviewing the trial judge's imposition of a sanction for a discovery violation. *Id*.

¶10       Rule 15.7 provides as follows:

> a. Failure to Make Disclosure. If a party fails to make a disclosure required by Rule 15 any other party may move to compel disclosure and for appropriate sanctions. The court shall order disclosure and shall impose any sanction it finds appropriate, unless the court finds that the failure to comply was harmless or that the information could not have been disclosed earlier even with due diligence and the information was disclosed immediately upon its discovery. All orders imposing sanctions shall take into account the significance of the information not timely disclosed, the impact of the sanction on the party and the victim and the stage of the proceedings at which the disclosure is ultimately made. Available sanctions include, but are not limited to:
>
> (1) Precluding or limiting the calling of a witness, use of evidence or argument in support of or in opposition to a charge or defense, or
>
> (2) Dismissing the case with or without prejudice, or

(3) Granting a continuance or declaring a mistrial when necessary in the interests of justice, or

(4) Holding a witness, party, person acting under the direction or control of a party, or counsel in contempt, or

(5) Imposing costs of continuing the proceedings, or

(6) Any other appropriate sanction.

¶11  The Arizona Supreme Court has noted that in selecting the appropriate sanction for a disclosure violation, a trial court "should seek to apply sanctions that affect the evidence at trial and the merits of the case as little as possible since the Rules of Criminal Procedure are designed to implement, not to impede, the fair and speedy determination of cases." *Roque*, 213 Ariz. at 210, ¶ 50, 141 P.3d at 385. The sanction of precluding a witness should be invoked only in cases where other less stringent sanctions are not applicable to effect the ends of justice. *Id.* The court should also consider "how vital the precluded witness is to the proponent's case, whether the opposing party will be surprised and prejudiced by the witness' testimony, whether the discovery violation was motivated by bad faith or willfulness, and any other relevant circumstances." *Id.*

¶12  Here, in imposing an additional sanction beyond precluding witnesses Madrid and Bernal, the superior court failed to properly consider the significance of the witnesses and how Wright was prejudiced by the untimely disclosure. Because the prosecutor had indicated that he might not have called the witnesses in any event, the superior court concluded that precluding the witnesses was not an adequate sanction. But that conclusion is contrary to Rule 15.7 and to the Arizona Supreme Court's directive that the court consider "how vital the precluded witness is to the proponent's case." *Id.* If the court accepted the prosecutor's assertion that he might not have called the witnesses in any event, the logical conclusion was that the witnesses were not vital to the prosecutor's case, which militates against imposing an additional sanction beyond preclusion of the witness. Contrary to the superior court's approach, the severity of the sanction imposed should not be inversely proportional to the severity of the disclosure violation.

¶13  Furthermore, Wright made no showing of prejudice in light of the court's ruling precluding the witnesses from testifying. Accordingly, the superior court erred by ordering a sanction beyond preclusion of witnesses Madrid and Bernal.

**¶14**      Wright argues that under *State v. Donald*, 198 Ariz. 406, 417, ¶ 39, 10 P.3d 1193, 1204 (App. 2000), "[i]t is well established [] that the courts may intervene to reinstate a plea offer that the State has withdrawn for vindictive reasons." Wright further asserts that under *Donald*, a "court's essential function is to provide a remedy in the context of an individual case, and a restoration of all parties to their original position is a remedy well established in other contexts." *Id.* Wright thus posits that "[u]nder the circumstances of this case, the trial court did not undertake to usurp the State's plea bargaining authority, rather the sanction was remedial and put the parties back into their original position prior to the State's late disclosures."

**¶15**      We disagree that *Donald* supports the trial court's ruling. *Donald* involved an assertion that, but for defense counsel's ineffective assistance, the defendant would have accepted a plea offer. *Id.* at 410. Here, in contrast, the superior court implicitly acknowledged that the untimely-disclosed witnesses apparently were not essential to the State's case, and the court made no finding that, had Wright been aware of witnesses Madrid and Bernal, he would have accepted the State's plea offer. In fact, such a finding would have been inconsistent with the court's conclusion that the untimely-disclosed witnesses were not vital to the State's case.

**¶16**      Finally, we note that the court's ruling is inconsistent with Rule 15.8 of the Arizona Rules of Criminal Procedure, which specifically contemplates that the prosecutor, rather than the court, must decide whether to reinstate a lapsed plea offer following a disclosure violation:

> . . . If the court determines that the prosecutor's failure to provide such disclosure [at least 30 days before a plea offer expires] materially impacted the defendant's decision *and the prosecutor declines to reinstate the lapsed or withdrawn plea offer*, then the presumptive minimum sanction shall be preclusion from admission at trial of any evidence not disclosed as required by Rule 15.8(a). . . .

Ariz. R. Crim. P. 15.8(b) (emphasis added); *see also Rivera-Longoria v. Slayton*, 228 Ariz. 156, 158, ¶ 9, 264 P.3d 866, 868 (2011). Under this rule, the court is thus tasked with determining the materiality of the untimely-disclosed information and its effect on whether a defendant would have accepted a plea had the information been known prior to the plea offer lapsing. If the court makes such a determination, the prosecutor is then tasked with deciding whether to reinstate a plea offer, with the court's further involvement limited to determining whether to impose sanctions that may

include preclusion of the untimely-disclosed evidence, but presumably do not include usurping the role left to the prosecutor.

**¶17** Because the superior court's order misapplies Rule 15.7 and is inconsistent with Rule 15.8, we vacate the order and remand for further proceedings consistent with this decision.



Ruth A. Willingham · Clerk of the Court
FILED: ama