NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

MARTIN RIVERA-LONGORIA, *Petitioner*.

No. 1 CA-CR 16-0864 PRPC
FILED 9-14-2017

Petition for Review from the Superior Court in Coconino County
No. S0300CR201200059
The Honorable Dan R. Slayton, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Coconino County Attorney's Office, Flagstaff
By William P. Ring
*Counsel for Respondent*

Martin Rivera-Longoria, Florence
*Petitioner*

---

**MEMORANDUM DECISION**

---

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Jon W. Thompson joined.

---

**M c M U R D I E**, Judge:

¶1        Petitioner Martin Rivera-Longoria petitions this court for review from the summary dismissal of his first post-conviction relief proceeding. We have considered the petition for review and, for the reasons stated, grant review but deny relief.

¶2        A jury convicted Rivera-Longoria of six counts of child abuse, all dangerous crimes against children.[1] The superior court sentenced Rivera-Longoria to an aggregate term of 101 years' imprisonment and we affirmed his convictions and sentences on direct appeal. *State v. Rivera-Longoria*, 1 CA-CR 12-0506, 2013 WL 5820509 (Ariz. App. Oct. 29, 2013) (mem. decision). Rivera-Longoria filed a timely notice of post-conviction relief and the superior court appointed counsel to represent him. After several extensions of time to file a petition and one change of counsel, Rivera-Longoria's appointed counsel eventually filed notice that he could find no colorable claims for relief. The superior court granted counsel's motion to withdraw and ordered Rivera-Longoria to file a *pro se* petition for post-conviction relief within 45 days. Rivera-Longoria never filed a petition and the superior court dismissed the proceedings 11 months after the deadline passed. Ten months after the court dismissed the proceedings, Rivera-Longoria filed a motion for reconsideration. The superior court denied the motion as untimely because Rivera-Longoria failed to file the motion within 15 days after the court dismissed the proceedings. *See* Ariz. R. Crim. P. 32.9(a).

¶3        In his petition for review, Rivera-Longoria argues his post-conviction relief counsel was ineffective because counsel failed to file

---

[1]    Rivera-Longoria was originally indicted on one count of child abuse. *Rivera-Longoria v. Slayton, ex rel. County of Coconino*, 228 Ariz. 156, 157 (2011). After pre-trial litigation concluded, he was indicted on additional charges.

a timely petition for post-conviction relief. He also argues the superior court erred when it denied his motion for reconsideration.

¶4        We deny relief. First, ineffective assistance of post-conviction relief counsel is not a valid claim under Rule 32 unless made against counsel who provided representation in an "of-right" post-conviction relief proceeding. *State v. Pruett*, 185 Ariz. 128, 131 (App. 1995). Because Rivera-Longoria's convictions and sentences resulted from a jury trial, this post-conviction relief proceeding is not an "of-right" proceeding. *See* Ariz. R. Crim. P. 32.1. Further, counsel did not "fail" to file a petition. Counsel informed the court there were no colorable claims for relief and the court allowed counsel to withdraw. It is also important to note that Rivera-Longoria has never identified any issues counsel should have raised. Finally, the superior court did not abuse its discretion when it dismissed Rivera-Longoria's motion for reconsideration after he filed it nearly ten months late.

¶5        We grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA