IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

WALTZ HEALING CENTER, INC,
*Plaintiff/Appellant*,

*v.*

ARIZONA DEPARTMENT OF
HEALTH SERVICES,
*Defendant/Appellee*.

No. 1 CA-CV 18-0135
FILED 12-4-2018

Appeal from the Superior Court in Maricopa County
No.  LC2017-000140-001
The Honorable Patricia A. Starr, Judge

**AFFIRMED**

COUNSEL

Barrett & Matura, PC, Scottsdale
By Jeffrey Matura, Melissa J. England, Tabitha R. Myers
*Counsel for Plaintiff/Appellant*

Sherman & Howard, LLC, Phoenix
By Gregory W. Falls, Matthew A. Hesketh
*Counsel for Defendant/Appellee*

**OPINION**

Presiding Judge Diane M. Johnsen delivered the opinion of the Court, in
which Judge Randall M. Howe and Judge Paul J. McMurdie joined.

**J O H N S E N**, Judge:

**¶1**         The Arizona Department of Health Services denied an application for a medical marijuana dispensary registration certificate because the applicant failed to comply with a legal requirement to show that the dispensary's proposed location "is in compliance with" local zoning restrictions.   The applicant appealed to the superior court, arguing it satisfied the requirement by submitting a four-year-old letter from the City of Tempe.   The superior court affirmed the denial of the application, and we affirm the superior court's judgment.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**         The Arizona Medical Marijuana Act limits the number of marijuana dispensaries across the state to not more than one per ten registered pharmacies.   Ariz. Rev. Stat. ("A.R.S.") § 36-2804(C) (2018).[1]   The Department first accepted dispensary registration applications and issued dispensary certificates in 2012.   Waltz Healing Center, Inc. applied for a certificate then but did not receive one.   The Department later determined it could issue 31 more certificates and opened another application process in July 2016.

**¶3**         Under the law, dispensary certificate applications must contain certain information, including the physical address of the proposed dispensary, and:

> [i]f the city, town or county in which the nonprofit medical marijuana dispensary would be located has enacted zoning restrictions, a sworn statement certifying that the registered nonprofit medical marijuana dispensary is in compliance with the restrictions.

A.R.S. § 36-2804(B)(1)(d).   By regulation, applicants must comply with the zoning-documentation requirement by providing the following:

> Documentation from the local jurisdiction where the dispensary's proposed physical address is located that:
>
> a.  There are no local zoning restrictions for the dispensary's location, or

---

[1]     Absent material revision after the relevant date, we cite the current version of a statute or rule.

b. The dispensary's location is in compliance with any local zoning restrictions.

Ariz. Admin. Code ("A.A.C.") R9-17-304(C)(6). *See Compassionate Care Dispensary, Inc. v. Ariz. Dep't of Health Servs.*, 244 Ariz. 205, 213, ¶ 21 (App. 2018).

¶4        When the Department opened the 2016 application process, Waltz submitted an application for a service area located in Tempe. With its application, Waltz submitted a letter dated May 8, 2012, from a senior planner in the Tempe Community Development Department, Planning Division. The letter, which was on City letterhead, stated in relevant part:

> For the purpose of zoning clearance, the City of Tempe . . . has determined the site . . . is in compliance with the Zoning and Development Code . . . for a medical marijuana dispensary only.
>
> This determination is contingent on compliance with the following conditions:
>
> 1. The determination for WALTZ HEALING CENTER INC., . . . will expire after sixty (60) calendar days from the date of this letter (July 7, 2012) unless an application is submitted to the Arizona Department of Health Services in order to receive an approved dispensary certificate. An expiration of the State's application process will result in expiration of this determination.

¶5        On September 19, 2016, the Department emailed Waltz a formal request for information, saying "some items need to be corrected or are missing" from its application. The email identified 17 missing or incorrect items in the Waltz application packet, including three deficiencies concerning zoning documentation:

> 8. The local jurisdiction zoning documentation of the dispensary's proposed physical address does not appear to be from the local jurisdiction (i.e., no letterhead, no contact information, no signature, etc). R9-17-304(C)(6).
>
> 9. The local jurisdiction zoning documentation of the dispensary's proposed physical address does not include one of the following statements: "There are no local zoning restrictions for the dispensary's location" or "The dispensary's

location is in compliance with any local zoning restrictions."
R9-17-304(C)(6)(a) and (b).

10. The local jurisdiction zoning documentation of the dispensary's proposed physical address does not include the dispensary's proposed physical address. R9-17-304(C)(6).

**¶6** On October 3, 2016, the last day to respond to the Department's request, Waltz responded to items 8-10 above simply by referring to the 2012 letter from the City of Tempe and provided the Department with another copy of the letter. At 11:36 a.m. the following day, the Department emailed Waltz that "[t]he information [Waltz] provided does not satisfy" the three deficiencies. The email further directed Waltz to "submit current local zoning" by 5 p.m. Waltz did not submit any other information to the Department, nor did it attempt to contact the City of Tempe or the Department to resolve the matter.

**¶7** The Department allocated the new certificates among the successful applicants a few days later. In a subsequent letter to Waltz, the Department stated it denied Waltz's application because Waltz did not fully respond to the Department's September 19 request for information. In particular, the Department identified Waltz's failure to provide the information identified in item 9 above, documentation from the local jurisdiction addressing zoning restrictions.

**¶8** Waltz sought administrative review of the denial of its application. After an evidentiary hearing, an Administrative Law Judge ("ALJ") recommended affirming the denial. The Director of the Department then adopted the recommendation, with certain modifications, and affirmed the denial of the application.[2] Waltz appealed the decision by filing a complaint in the superior court, which affirmed the decision. Waltz timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1) (2018) and -913 (2018).

## DISCUSSION

**¶9** We will affirm an agency's decision on review unless it is "contrary to law, is not supported by substantial evidence, is arbitrary and

---

[2] In its briefs on appeal, Waltz distinguishes the Department's initial denial of the application from the Director's later order affirming the ALJ's recommendation. We address both decisions collectively when we refer to actions by "the Department."

capricious or is an abuse of discretion." A.R.S. § 12-910(E) (2018). We defer to the agency's factual findings if they are supported by substantial evidence, even if other evidence before the agency would support a different conclusion. *See Webb v. State ex rel. Ariz. Bd. of Med. Exam'rs*, 202 Ariz. 555, 557, ¶ 7 (App. 2002); *DeGroot v. Ariz. Racing Comm'n*, 141 Ariz. 331, 336 (App. 1984). We consider the evidence in a light most favorable to upholding the agency's decision. *Baca v. Ariz. Dep't of Econ. Sec.*, 191 Ariz. 43, 46 (App. 1997). Nevertheless, we are not bound by the agency's legal conclusions. *See Sanders v. Novick*, 151 Ariz. 606, 608 (App. 1986).

## A.      Sufficiency of the 2012 Letter.

**¶10**         The Department denied Waltz's application because it concluded Waltz failed to comply with the mandate of § 36-2804(B)(1)(d) and R9-17-304(C)(6) to provide documentation that the dispensary would comply with local zoning requirements. Waltz argues the Department's denial of its application was arbitrary, capricious and an abuse of discretion because the 2012 Tempe letter satisfied the requirement.

**¶11**         As the Department points out in its answering brief, the letter from the City of Tempe stated that its "determination" of zoning compliance would expire (1) if Waltz did not submit a dispensary application to the Department within 60 days after the date of the letter and, in any event, (2) upon expiration of the Department's application process. Waltz argues the letter did not expire because Waltz in fact submitted an application for a dispensary certificate within 60 days of the date of the letter, as the letter required. The Department does not dispute that Waltz applied for a dispensary certificate in 2012. It argues, however, that the letter's determination expired due to the termination of the 2012 application process, which, according to the record, ended on August 7, 2012.

**¶12**         The Department did not abuse its discretion or act arbitrarily or capriciously by concluding that the letter Waltz submitted had expired by 2016. The letter plainly stated that "expiration of the State's application process will result in expiration of this determination." The "application process" then ongoing was the process for which Waltz originally had obtained the letter, namely, the Department's allocation of dispensary registration certificates in 2012. Waltz does not argue otherwise. Because the letter had expired by its own terms long before 2016, it failed to comply with the zoning-determination requirement of A.A.C. R9-17-304(C)(6). *See, e.g.*, *Tucson Title Ins. Co. v. D'Ascoli*, 94 Ariz. 230, 234 (1963) (provisions in escrow agreement "were of no effect after the expiration of" a stated period; result was that party was left "without authority" to act).

**¶13**        As a separate reason for denying Waltz's application, the Department also concluded the 2012 letter failed to show that the proposed location of the dispensary complied with local zoning restrictions in effect at the time of the 2016 application process. The Department adopted the ALJ's conclusion that "[t]he sensible (and plain) reading of R9-17-304(C)(6) is that the applicant must show that the dispensary's location complies with any local zoning requirements at the time the application is submitted to the Department (i.e., that the location is currently in compliance)."

**¶14**        Waltz argues on appeal that the Tempe letter specifically stated that Waltz "is in compliance" with local zoning requirements, which is all the law requires. The Department responds in its answering brief by pointing out that Tempe zoning regulations changed between 2012 and 2016, and argues the 2012 letter therefore said nothing about whether the Waltz dispensary location was in compliance with zoning in 2016. *See* A.A.C. R9-17-304(C)(6).

**¶15**        We "decide all questions of law, including the interpretation of a . . . statutory provision or a rule adopted by an agency, without deference to any previous determination that may have been made on the question by the agency." A.R.S. § 12-910(E). In analyzing the regulation, we "give clear language its usual, ordinary meaning." *Rivera-Longoria v. Slayton, ex rel. County of Coconino*, 228 Ariz. 156, 159, ¶ 17 (2011).

**¶16**        Consistent with A.R.S. § 36-2804(B)(1)(d), the regulation at issue here uses the present tense – "is" – to describe the requirement that a dispensary applicant must demonstrate compliance with applicable zoning. *Compare* A.R.S. § 36-2804(B)(1)(d) (applicant must submit "sworn statement certifying that the registered nonprofit medical marijuana dispensary is in compliance" with applicable zoning restrictions) *with* A.A.C. R9-17-304(C)(6) (where applicable, applicant must submit "[d]ocumentation from the local jurisdiction . . . that: . . . [t]he dispensary's location is in compliance with any local zoning restrictions"). The regulation's use of the present tense – "*is* in compliance" – means that an applicant must submit documentation confirming that the dispensary would comply with local zoning restrictions in effect at the time of the application. *See State v. Hinden*, 224 Ariz. 508, 510, ¶ 10 (App. 2010); *see also Shella H. v. Dep't of Child Safety*, 239 Ariz. 47, 50, ¶ 12 (App. 2016) (use of present tense in a statute implies intent to focus on "the circumstances existing at the time"). Because "the present tense generally does not include the past," *Carr v. United States*, 560 U.S. 438, 448 (2010), whether a proposed dispensary location complied with zoning restrictions in the past is irrelevant.

¶17        For that reason, beyond the fact that the determination in the letter from the City of Tempe had expired of its own terms, we agree that the letter did not satisfy the requirement of R9-17-304(C)(6) to show compliance with current zoning. The dated nature of the letter – it was more than four years old when Waltz submitted it in 2016 – by itself calls into question whether the letter gave satisfactory assurances that the proposed dispensary would comply with Tempe zoning restrictions in 2016. More than that, however, Steve White, an attorney who helped prepare Waltz's 2016 application, acknowledged during the administrative hearing that Tempe amended its zoning restrictions applicable to medical marijuana dispensaries after the 2012 letter was issued. The fact that the zoning changed after the letter was written in 2012 further supports the Department's conclusion that the letter did not satisfy the requirement to show that the proposed dispensary location would comply with current zoning requirements.[3]

## B.        October 4, 2016 Email.

¶18        Waltz further argues it lacked adequate notice of the Department's view that the 2012 letter would not comply with the local-zoning requirement. Waltz contends the Department's formal request for information, sent on September 19, 2016, did not explicitly reject the letter or state that it had expired. According to Waltz, when Waltz resubmitted the 2012 letter in response to the September 19 request, Waltz believed it had resolved the Department's concerns. Waltz argues the Department did not demand "current" zoning documentation from Waltz until the email late the morning of October 4.

¶19        The September 19 request for information listed three issues concerning the letter from the City of Tempe. The Department did not specify that the 2012 letter was deficient because it had expired or because it did not provide assurances that the proposed location would comply with zoning restrictions in effect in 2016. Although more specificity would have been helpful, the Department's September 19 request stated clearly that Waltz had not satisfied the requirement of R9-17-304(C)(6) to provide "local jurisdiction zoning documentation." Thereby on notice that the

---

[3]        *See* Tempe, Ariz., Ordinance No. 2015.48 (Nov. 12, 2015) & Ordinance No. 2015.49 (Dec. 3, 2015), https://library.municode.com/az/tempe/codes/zoning_and_developme nt_code?nodeId=ZONING_DEVELOPMENT_CODE_PT3_LAUS_CH4_S PUSST_S3-426MEMA (last visited Nov. 9, 2018). *See Roseland v. City of Phoenix*, 14 Ariz. App. 117, 122 (1971) (taking judicial notice of city code).

Department had found the 2012 Tempe letter wanting, Waltz did not follow up with the Department for specifics, ask for an explanation or ask how it might solve the problem. Instead, just before the deadline to respond to the Department's request, Waltz simply resubmitted the same letter that the Department had rejected.

¶20 As stated above, by its own terms, the letter from the City had expired, and due to the passage of time, it did not satisfy the requirement to provide assurances that a dispensary location would comply with then-current zoning restrictions. These defects should have been obvious to Waltz, but if Waltz did not understand why the Department was questioning the letter on September 19, it should have inquired. Having failed to do so, Waltz cannot complain of lack of notice.

¶21 Waltz also argues the October 4 email, which gave Waltz until the end of the day to respond, was a supplemental request for information to which Waltz was entitled an additional ten days to respond. *See* A.A.C. R9-17-107(E)(2) (when Department issues "supplemental request for information," applicant's response is due within ten working days). The Department, on the other hand, contends the communication was a "courtesy" email that did not trigger a mandatory ten-day response period.

¶22 Under A.A.C. R9-17-107(D)(3), the Department "[m]ay make one written comprehensive request for more information, unless the Department and the applicant agree in writing to allow the Department to submit supplemental requests for information." Here, Waltz checked a box on its application agreeing to allow the Department to submit supplemental requests for information. As the Director noted in amending the ALJ's findings of fact, "The Department emails RFIs [requests for information] using a distinct computer-generated form that is titled 'Request for Information.'" The October 4 email was not that, but instead was a brief stand-alone email sent to Waltz's attorney, the subject line of which was "Waltz Healing Center, Inc./Application . . . / Response to Request for Information."

¶23 We conclude the October 4 email did not constitute a supplemental request for information under the regulation because it merely restated – albeit more clearly – that the Tempe letter Waltz had submitted did not satisfy R9-17-304(C)(6). In any event, Waltz has failed to present any evidence that it would have been able to comply with R9-17-304(C)(6) within ten days after the email. At the hearing, White testified that if the Department had made it clear to Waltz on September 19 that the 2012 letter was insufficient, Waltz would have tried to obtain another letter

from the City of Tempe. As to whether the City would have provided Waltz with documentation of current zoning compliance, however, White responded, "I don't know for sure if they would've, . . . I don't know what they would've said."

## C. Purported Inconsistent Treatment of Applicants.

¶24 Finally, Waltz argues the Department violated Waltz's equal protection rights under the Arizona Constitution and acted arbitrarily and capriciously because it treated Waltz differently than other applicants.[4] The right of equal protection is a guarantee "that persons in like circumstances and like conditions be treated equally." *Book-Cellar, Inc. v. City of Phoenix*, 150 Ariz. 42, 45 (App. 1986). "To establish an equal protection violation, a party must establish (1) that it was treated differently than those who are similarly situated, and (2) when disparate treatment does not implicate fundamental rights or suspect classification, that the classification bears no rational relation to a legitimate state interest." *Curtis v. Richardson*, 212 Ariz. 308, 313, ¶ 18 (App. 2006).

¶25 Waltz did not raise equal protection in the administrative hearing, so the ALJ did not make a finding on whether the Department treated Waltz differently than it treated other similarly situated applicants. *See DeGroot*, 141 Ariz. at 340 ("The general rule is that failure to raise an issue before an administrative tribunal precludes judicial review of that issue on appeal unless the issue is jurisdictional in nature."). In any event, even if we were inclined to address Waltz's equal-protection argument, the record contains insufficient evidence to support Waltz's contention that, by declining to accept the 2012 letter, the Department treated Waltz differently than other similarly situated applicants. *See Curtis*, 212 Ariz. at 313.

¶26 Waltz argues that the Department has "accepted zoning documentation from other applicants that did not reflect 'current' zoning compliance when the dispensary registration certificates were issued." In support of that proposition, Waltz cites White's testimony that the Department accepted applications he had prepared for other clients using zoning letters from 2012. Waltz did not offer any corroborating evidence or further detail in support of that assertion, however, and a Department

---

[4] Although Waltz mentions due process in its opening brief, it provides no legal or record authorities in support of any due-process argument, so we will not address the issue. *See* ARCAP 13(a)(7); *AMERCO v. Shoen*, 184 Ariz. 150, 154, n.4 (App. 1995) (failure to develop argument or present supporting authority on appeal waives issue).

employee testified that the Department does not accept "expired" zoning letters.

¶27        Waltz also cites evidence that a Department employee telephoned the City of Tempe about the Waltz application during the application process, and contends that, in other application contests, the Department has stated it "does not check to see if the proposed dispensary location actually complies with local zoning restrictions." The record does not support Waltz's assertion that the Department violated its equal-protection rights by contacting the City of Tempe. To begin with, Waltz does not argue that the Department is not allowed to confirm the reliability of an applicant's document when it doubts the document's pertinence. In fact, White testified that he had facilitated direct contact between the City of Tempe and the Department to resolve documentation issues with other applications. In any event, a Department employee testified he called the City to find out whether the 2012 letter was still current and about its "expiration date," but did not ask whether Waltz's proposed site complied with then-current zoning restrictions.[5]

¶28        To support its argument that the Department acted contrary to the position it has publicly taken in other cases, Waltz cites a motion the Department filed in an unrelated lawsuit brought by another unsuccessful applicant. Waltz contends that in that case, the Department argued that it "need only ensure that successful applicants for dispensary registration certificates . . . provide an enumerated set of documents and information," and at the application stage, "applicants are not required to demonstrate they currently meet the requirements to obtain approval to operate (i.e., that they have already obtained a special use permit or conditional use permit); they are required to demonstrate only that their location falls within a zoning classification that *could* allow a dispensary to operate there."

¶29        The quoted statement is not inconsistent with the Department's position here that it checks an application to ensure an applicant has provided local zoning documentation, *see* R9-17-304(C)(6), but does not check for additional documentation, such as a use permit or occupancy permit, that would be required before the applicant actually would be allowed to operate a dispensary, *see* R9-17-305(A)(2). Here, the Department rejected Waltz's application because it failed to provide adequate zoning documentation in compliance with R9-17-304(C)(6) and

---

[5]        The Department employee was not asked at the hearing to recount what he learned from the City, but testified he found out that the City employee who had signed the 2012 letter no longer worked there.

not because Waltz could not currently prove that it could operate a dispensary under R9-17-305(A)(2). Waltz cites *Compassionate Care Dispensary, Inc. v. Arizona Department of Health Services*, 1 CA-CV 13-0133, 2015 WL 1395271 (App. Mar. 24, 2015), but the issue in that case was whether the Department arbitrarily treated two competing applications differently. No such evidence was presented here.

## CONCLUSION

¶30 For the foregoing reasons, we conclude substantial evidence supports the Department's decision and the decision was not contrary to law, arbitrary, capricious or an abuse of discretion. Therefore, we affirm the superior court's judgment upholding the Department's decision.



AMY M. WOOD • Clerk of the Court
FILED: AA