NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

EHSAN POURSHIRAZI, *Appellant*,

*v.*

ARIZONA STATE BOARD OF DENTAL EXAMINERS, *Appellee*.

No. 1 CA-CV 22-0351
FILED 1-31-2023

Appeal from the Superior Court in Maricopa County
No. LC2021-000228-001
The Honorable Daniel J. Kiley, Judge *Retired*

**AFFIRMED**

COUNSEL

Law Office of Jeffrey J. Tonner, LLC, Phoenix
By Jeffrey J. Tonner
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Seth Hargraves
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Vice Chief Judge David B. Gass joined.

---

**B A I L E Y**, Judge:

¶1        Ehsan Pourshirazi, D.D.S., appeals the superior court's judgment affirming the final decision by the Arizona State Board of Dental Examiners ("the Board") suspending his dental license.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        The Arizona Administrative Code ("A.A.C.") permits a dentist with a board-issued Section 1304 permit to use a physician anesthesiologist or a certified registered nurse anesthetist ("CRNA") to provide anesthesia or sedation services in the dentist's office.  A.A.C. R4-11-1304(A).[1]  It is undisputed that Pourshirazi did not have a Section 1304 permit.  Despite lacking that required permit, Pourshirazi advertised the availability of anesthesia and sedation services and employed a CRNA to administer anesthesia or sedation services at his office.

¶3        In 2019, the CRNA administered sedation to a patient in Pourshirazi's office.  During administration and while Pourshirazi was absent from the procedure room, the patient stopped breathing.  An ambulance transported the patient to the hospital, where she later died.

¶4        Pourshirazi self-reported the event to the Board.  The Board issued a complaint alleging Pourshirazi engaged in unprofessional conduct constituting a danger to the public health and safety, and advised

---

[1]        To obtain a Section 1304 permit, a dentist must provide confirmation of recently completed relevant coursework, maintain appropriately educated staff and proper equipment on the premises, and undergo an onsite evaluation by the Board.  A.A.C. R4-11-1304(B).  After receiving the permit, the dentist must "continuously supervise the patient from the administration of anesthesia or sedation until termination of the anesthesia or sedation procedure and oxygenation, ventilation and circulation are stable."  A.A.C. R4-11-1304(G).

Pourshirazi that his conduct constituted grounds for disciplinary action. Following a hearing, an Office of Administrative Hearings administrative law judge concluded that Pourshirazi had engaged in unprofessional conduct and recommended discipline of censure, continuing education, and a fine.

¶5            The Board considered the administrative law judge's recommended decision and found that Pourshirazi engaged in unprofessional conduct.  As discipline, the Board ordered a six-month suspension, probation, a three-year restriction on applying for a future sedation permit, continuing education, a fine, and reimbursement of administrative-hearing costs.  The Board rejected Pourshirazi's petition for rehearing or review.

¶6            Pourshirazi appealed the Board's decision to the superior court, which affirmed.  The court specifically found that the evidence justified the Board's decision and that the Board did not act in an arbitrary and capricious manner.

¶7            We have jurisdiction over Pourshirazi's timely appeal under Arizona Revised Statutes ("A.R.S.") section 12–913 and Rule 13, JRAD.  *See Svendsen v. Ariz. Dep't of Transp.*, 234 Ariz. 528, 533, ¶ 13 (App. 2014).

## DISCUSSION

¶8            In reviewing the Board's final decision, we will affirm unless it "is contrary to law, is not supported by substantial evidence, is arbitrary and capricious or is an abuse of discretion."  A.R.S. § 12-910(F).  We defer to the Board's factual findings if supported by substantial evidence and consider the evidence in the light most favorable to upholding the final decision. *Waltz Healing Ctr., Inc. v. Ariz. Dep't of Health Servs.*, 245 Ariz. 610, 613, ¶ 9 (App. 2018).

I.            The Board's Decision Was Not Arbitrary and Capricious.

¶9            Pourshirazi does not challenge the Board's finding that he engaged in unprofessional conduct or the disciplinary imposition of continuing education, a fine, and reimbursement of the administrative-hearing costs.  He also does not argue the Board was not permitted to suspend his license.  Instead, he argues the Board's decision suspending his license for six months and prohibiting him from applying for a sedation permit for three years was arbitrary and capricious compared to another dentist whose conduct the Board addressed later at the same meeting.

¶10            The Board is authorized to take disciplinary action against a dentist for unprofessional conduct. A.R.S. § 32-1263(A)(1). Such action may include, but is not limited to, license revocation, suspension, restrictions, and a decree of censure. A.R.S. § 32-1263.01(A). When a board imposes discipline that falls within the permissible range, such discipline can be found — although rarely — arbitrary and capricious if the discipline is out of proportion to the discipline imposed on those who are similarly situated. *Maricopa Cnty. Sheriff's Off. v. Maricopa Cnty. Emp. Merit Sys. Comm'n* (*Juarez*), 211 Ariz. 219, 222, ¶ 16 n.6 (2005); *Pinal Cnty. v. Pinal Cnty. Emp. Merit Sys. Comm'n* (*Serb*), 211 Ariz. 12, 18, ¶ 18 (App. 2005), *disapproved in part by Juarez*, 211 Ariz. at 223-24, ¶¶ 20-21 & n.7. Courts comparing discipline for similarly situated licensees consider whether both licensees were in similar factual circumstances, had the same supervisors, and whether the same behavioral standards apply. *See Serb*, 211 Ariz. at 18, ¶ 18; *see also Maricopa Cnty. v. Gottsponer*, 150 Ariz. 367, 372-73 (App. 1986), *disapproved in part by Juarez*, 211 Ariz. at 223-24, ¶¶ 18-21; *Taylor v. Ariz. Law Enf't Merit Sys. Council*, 152 Ariz. 200, 207-08 (App. 1987); *Bishop v. Law Enf't Merit Sys. Council*, 119 Ariz. 417, 422 (App. 1978) (stating that the merit council is not bound to deal with all cases at all times in the same manner even if some past case might seem comparable).

¶11            Here, Pourshirazi argues the Board considered another dental disciplinary case at the same hearing in which the other dentist's assistant injected a toxic level of a dental sedative in a patient, killing him. That dentist, however, possessed a valid Section 1301 general anesthesia and deep sedation permit, which allowed him to administer general anesthesia and sedation. *See* A.A.C. R4-11-1301. The Board ordered that dentist surrender his Section 1301 permit with no suspension of his dental license and permitted him to apply for a new Section 1301 permit after one year. Pourshirazi argues that his own case was far less egregious, yet he received far greater sanctions.

¶12            We agree with the superior court that the record does not support a finding that the other dentist and Pourshirazi were similarly situated. Also, we cannot fully compare the two cases without reviewing the entire case file of the other dentist, which is confidential and outside our reach. *See* A.R.S. § 32-1263.02(M); *Lipschultz v. Super. Ct.*, 128 Ariz. 16, 18 (1981), *superseded in part by statute as recognized in State ex rel. Thomas v. Ditsworth*, 216 Ariz. 339, 342, ¶ 13 (App. 2007); *Petras v. Ariz. State Liquor Bd.*, 129 Ariz. 449, 451-52 (App. 1981). The other case was an unlitigated matter that the Board and dentist resolved through a negotiated settlement agreement and not through a formal hearing where the Board's evidence could be challenged. Further, that dentist possessed a Board-issued Section

4

1301 general anesthesia and deep sedation permit, which allowed him to perform the procedure that patient received. The Board disciplined that dentist for conduct that occurred during a procedure he was authorized and qualified to perform. In contrast, the Board disciplined Pourshirazi for performing a procedure he was not authorized to perform without a valid Section 1304 permit. And the evidence presented does not suggest the other dentist left the patient unsupervised during the procedure. The Board addressed the behavior of the two dentists with different procedural postures subject to two different standards of behavior. As such, the Board did not act in an arbitrary and capricious manner in imposing a greater discipline on Pourshirazi than on another dentist who was not similarly situated.

## II. The Evidence Supports the Findings of Fact.

¶13        Pourshirazi argues the evidence does not support the Board's findings of fact, referring to various comments Board members made during the hearing that Pourshirazi claims mischaracterized his testimony regarding his liability and willingness to be regulated. However, Pourshirazi does not identify any particular findings of fact in the Board's final decision that he challenges. And none of the Board members' comments negate Pourshirazi's admitted failure to train for, apply, and obtain a Section 1304 permit that Arizona law required to perform the subject procedure. *See* A.A.C. R4-11-1304. Because Pourshirazi lacked the requisite Section 1304 permit, he never should have performed the procedure. These facts are sufficient to support the Board's determination that Pourshirazi engaged in unprofessional conduct and its suspension of his dental license.

## CONCLUSION

¶14        For the foregoing reasons, we affirm the superior court's ruling. *See generally* A.R.S. § 12-910(F). We award costs to the Board upon compliance with Arizona Rule of Civil Appellate Procedure 21.

