IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

STATE OF ARIZONA EX REL. WILLIAM G. MONTGOMERY, MARICOPA
COUNTY ATTORNEY,
*Petitioner,*

*v.*

THE HONORABLE HARRIETT CHAVEZ, JUDGE OF THE SUPERIOR COURT OF
THE STATE OF ARIZONA, IN AND FOR THE COUNTY OF MARICOPA,
*Respondent Judge,*

ROBERT LEE GILL,
*Real Party in Interest.*

No. CV-13-0274-PR
Filed March 26, 2014

Appeal from the Superior Court in Maricopa County
The Honorable Harriett E. Chavez, Judge
No. CR2013-001185-001
**REMANDED**

Opinion of the Court of Appeals, Division One
233 Ariz. 8, 308 P.3d 1159 (App. 2013)
**VACATED**

COUNSEL:

William G. Montgomery, Maricopa County Attorney, Keli B. Luther
(argued), Deputy County Attorney, Phoenix, for State of Arizona

Maricopa County Public Defender, Mikel Steinfeld (argued), Deputy
Public Defender, Christopher Manberg, Deputy Public Defender, Phoenix,
for Robert Lee Gill

David J. Euchner (argued), Tucson, for Amicus Curiae Arizona Attorneys
for Criminal Justice

VICE CHIEF JUSTICE BALES authored the opinion of the Court, in which CHIEF JUSTICE BERCH, JUSTICE PELANDER, JUSTICE BRUTINEL, and JUSTICE TIMMER joined.

———————

VICE CHIEF JUSTICE BALES, opinion of the Court:

¶1 We granted review to determine whether a prosecutor can unilaterally redact victims' birth dates from law enforcement reports that must be disclosed to the defense. We hold that a prosecutor must obtain a court order to authorize redacting such information.

## I.

¶2 The special actions before the court of appeals involved two defendants: James Dean Koontz, who was charged with one count of aggravated assault and a domestic violence offense, and Robert Lee Gill, who was charged with three counts of theft of a means of transportation. In both cases, the prosecutor redacted the victims' birth dates from law enforcement reports disclosed to defense counsel pursuant to Rule 15.1 of the Arizona Rules of Criminal Procedure. Defense counsel in each case requested the information in order to run a conflicts check, but the requests were denied, so defense counsel moved to compel disclosure. The trial courts granted the motions to compel, and the State filed petitions for special action. After consolidating the cases, the court of appeals granted relief to the State, citing the victims' rights to privacy and to withhold information similar to birth dates. *State ex rel. Montgomery v. Welty*, 233 Ariz. 8, 11-12 ¶¶ 10–13, 308 P.3d 1159, 1162–63 (App. 2013). Koontz later pleaded guilty and did not participate in the petition for review to this Court. Therefore, although we vacate the court of appeals' opinion, we remand only with regard to Gill.

## II.

¶3 We review matters involving constitutional law, statutory construction, and rules of criminal procedure de novo. *State v. Gutierrez*, 229 Ariz. 573, 576 ¶ 19, 278 P.3d 1276, 1279 (2012); *State v. Roque*, 213 Ariz. 193, 217 ¶ 89, 141 P.3d 368, 392 (2006).

¶4 In criminal prosecutions, Rule 15 of the Arizona Rules of Criminal Procedure imposes general disclosure obligations on both the

prosecutor and the defendant. These rule-based duties are distinct from, and do not depend on, discovery requests that the parties may initiate. Failure to make the required disclosures may result in sanctions. Ariz. R. Crim. P. 15.7. These disclosure requirements streamline discovery in criminal prosecutions and help ensure that the parties receive all relevant information. *See Rivera-Longoria v. Slayton, ex rel. County of Coconino*, 228 Ariz. 156, 157–58 ¶ 6, 264 P.3d 866, 867–68 (2011).

**¶5** Rule 15.1 addresses the scope of the prosecutor's duty to disclose, including the duty to make available "[a]ll then existing original and supplemental reports prepared by a law enforcement agency in connection with the particular crime." Ariz. R. Crim. P. 15.1(b)(3). This directive does not allow a prosecutor to unilaterally decide whether to redact information from such reports.

**¶6** The rules recognize that the prosecutor's disclosure obligations may be qualified by court order under Rule 15.5 or by Rule 39(b), which concerns victims' rights. *See* Ariz. R. Crim. P. 15.1(a), (b). Under Rule 15.5(b), the court may authorize a party to excise extraneous information from a document that contains information subject to disclosure. The court, upon the motion of any party showing good cause, may also limit or prevent disclosure of required information if the risk of harm outweighs the usefulness of the disclosure and the risk cannot otherwise be eliminated. Ariz. R. Crim. P. 15.5(a); *id.* cmt. (noting that "[t]he court is given broad discretion to limit discovery required by this rule whenever it is shown a risk of harm resulting from a specific disclosure").

**¶7** Rather than seek a court order authorizing the redaction of victim birth dates from law enforcement reports, the prosecutor here adopted a general policy of redacting such information in reports provided to the defense. The State argues that subsections 10 and 11 of Rule 39(b) authorize this practice.

**¶8** Rule 39(b) requires courts to construe the rules "to preserve and protect a victim's rights to justice and due process," and then specifies various rights that victims "shall have and be entitled to assert." Ariz. R. Crim. P. 39(b). Subsection (b)(10) gives victims the "right to require the prosecutor to withhold, during discovery and other proceedings, the home address and telephone number of the victim, the address and

telephone number of the victim's place of employment, and the name of the victim's employer." Ariz. R. Crim. P. 39(b)(10). Subsection (b)(11) gives victims the "right to refuse an interview, deposition, or other discovery request." Ariz. R. Crim. P. 39(b)(11).

¶9 Rule 39(b)(10) does not apply here. It provides that a victim can require a prosecutor to withhold specified information, but birth dates are not included in this list. Moreover, the record does not reflect a request by the victims that the prosecutor withhold any information.

¶10 Rule 39(b)(11) is similarly inapposite because it concerns a victim's right "to refuse an interview, deposition, or other discovery request by the defendant." This rule refers to discovery initiated by the defendant, such as requests to interview the victim, rather than the prosecutor's mandatory disclosures under Rule 15.1, including the disclosure of law enforcement reports. The disclosure requirements under Rule 15.1 are limited by Rule 39(b), but the rules do not broadly allow victims to limit a prosecutor's mandatory disclosures on the grounds that they are "other discovery requests" by the defendant.

¶11 As support for the redaction of victim birth dates, the State also cites the Victims' Bill of Rights in Arizona's Constitution and related statutory provisions. Article II, section 2.1(a) of the Arizona Constitution recognizes that a victim is entitled to "refuse an interview, deposition, or other discovery request" by the defendant. But this provision, like the corresponding language in Rule 39(b)(11), refers to the right of victims to refuse discovery requests directed to them, not to a prosecutor's redacting information in a law enforcement report subject to mandatory disclosure under Rule 15.1. *Cf. State ex rel. Romley v. Superior Court In & For County of Maricopa (Roper)*, 172 Ariz. 232, 237, 836 P.2d 445, 450 (App. 1992) (applying phrase "other discovery request" to request for victim's medical records).

¶12 The related statute, A.R.S. § 13-4434, addresses a victim's right to privacy in other circumstances. Subsection (A) of this statute gives the victim a right to withhold *locating* information when *testifying at a court proceeding*:

> The victim has the right at any court proceeding not to testify regarding the victim's addresses, telephone numbers,

4

places of employment or other locating information unless the victim consents or the court orders disclosure on finding that a compelling need for the information exists. . . .

A.R.S. § 13-4434(A). This section is inapplicable both because birth dates are "identifying information," not "locating information," and because the disclosure of law enforcement reports does not involve victim testimony.

¶13 In arguing that § 13-4434(A) allows a prosecutor to redact victims' birth dates from law enforcement reports, the State cites *Romley v. Schneider*, 202 Ariz. 362, 45 P.3d 685 (App. 2002). The court of appeals there held that the trial court had abused its discretion by ordering a victim to submit to fingerprinting, which defense counsel sought to determine if counsel had previously represented the victim and thus had a conflict of interest. *Id.* In holding that the trial court's order violated the victim's rights, the court of appeals noted that "[a]lthough [§ 13-4434(A)] does not specifically reference fingerprinting, DNA testing or other more sophisticated means of obtaining identification, it is quite clear that far less intrusive means of identification, such as a victim's address and telephone number, are expressly protected." *Id.* at 364 ¶ 10, 45 P.3d at 687.

¶14 Without questioning the result in *Schneider*, we note that the court of appeals' reasoning does not suggest that victims' birth dates are protected from disclosure by § 13-4434(A). The issue in *Schneider* was whether a victim, at the defendant's request, could be compelled to submit to fingerprinting, which the court of appeals correctly noted was a significant invasion of privacy. *Id.* at 365 ¶ 11, 45 P.3d at 688. This case, in contrast, does not involve a request that the victim provide information. And *Schneider* did not address whether a prosecutor can redact victim birth dates from reports that are subject to mandatory disclosure under Rule 15.1. Indeed, as noted by the court of appeals, the prosecutor in that case had disclosed the victim's birth date in pleadings opposing the request to take the victim's fingerprints. *Id.* at 364 ¶ 7, 45 P.3d at 687.

¶15 Section 13-4434(B) is similarly inapplicable. This subsection concerns a "victim's contact and identifying information that is obtained, compiled or reported by a law enforcement agency" and requires the *originating agency* to redact the contact and identifying information "in *publicly accessible* records," subject to certain exceptions. A.R.S. § 13-4434(B) (emphasis added). However, a prosecutor is neither a "law

5

enforcement agency" nor "the originating agency." Likewise, the disclosed law enforcement reports are not publicly accessible records.

**¶16** Rule 15.4(d) specifically provides that information furnished to attorneys under the disclosure rules "shall not be disclosed to the public." *Cf. id.* cmt. (noting that Rule 15.4(d) "reminds counsel that discovery materials are to be considered confidential records"). Thus, § 13-4434(B)'s requirement that agencies redact identifying information in publicly accessible records does not permit redacting such information from disclosures required by Rule 15.1. Furthermore, § 13-4434(C) explicitly states that § 13-4434(B) does not apply to "records that are transmitted between law enforcement and prosecution agencies or a court." A.R.S. § 13-4434(C).

**¶17** The State also urges us to approve the redaction of victim birth dates from the reports because technology has eroded the distinction between locating and identifying information. The State contends that, as a result of the Internet, knowledge of a person's birth date makes it possible to access a wide range of information, including locating information such as that person's address and telephone number. Failing to allow redaction of birth dates in every case would, in the State's view, undermine the protections for locating information now recognized in court rules and statutes.

**¶18** "Arizona has been a national leader in providing rights to crime victims," *Morehart v. Barton*, 226 Ariz. 510, 512 ¶ 9, 250 P.3d 1139, 1141 (2011), and courts should conscientiously protect those rights provided by law. *See id.* at 515–16 ¶¶ 22–23, 250 P.3d at 1144–45; *cf.* A.R.S. 13-4418 (noting that statutes "shall be liberally construed to preserve and protect the rights to which victims are entitled"). Although Arizona's Constitution broadly recognizes various rights for victims and specifically permits victims to refuse discovery requests from the defense, those provisions do not authorize a prosecutor to unilaterally redact birth dates from law enforcement reports. Birth dates are indeed private information, *Scottsdale Unified Sch. Dist. No. 48 of Maricopa County v. KPNX Broad. Co.*, 191 Ariz. 297, 301–02 ¶¶ 16–19, 955 P.2d 534, 538–39 (1998), but the Victims' Bill of Rights does not protect all private information from disclosure.

¶19       Although victims have privacy interests in their birth dates, both prosecutors and the defense have good reasons to seek this information. For example, a birth date may help identify the victim of a crime. Likewise, a victim's exact age may be relevant as an element of an offense or as a factor for determining the corresponding punishment. A birth date may also allow the parties to determine if the victim has a criminal history, which can affect the victim's credibility, and may allow defense counsel to identify possible conflicts that could prevent counsel from representing a defendant.

¶20       The limited disclosure of a birth date in a criminal case thus seeks to balance these interests, allowing both parties restricted use of the information while maintaining the victim's right "to be treated with fairness, respect, and dignity, and to be free from intimidation, harassment, or abuse, throughout the criminal justice process." Ariz. Const. art. II, § 2.1(A)(1). Disclosure of a victim's birth date does not, in itself, reveal a victim's locating or contact information. And the record does not establish how easily such information may be obtained from the combination of a birth date and information that is publicly available, e.g., on the Internet.

¶21       Moreover, to the extent that disclosing a victim's birth date may create a risk of harassment or other harm, we reiterate that the existing rules allow a prosecutor to seek a court order denying or limiting disclosures otherwise required by Rule 15.1. Thus, a court may authorize a prosecutor to redact victim birth dates from law enforcement reports that are disclosed to the defense if the prosecutor establishes that redaction is appropriate under Rule 15.5(a). *See, e.g., State v. McMurtrey*, 136 Ariz. 93, 97, 664 P.2d 637, 641 (1983) (noting that the "preferred procedure" is for the prosecutor to obtain a court order under Rule 15.5(c) before redacting information, but recognizing trial courts' power to approve redactions subsequently).

¶22       Essentially, the State urges us to rewrite Rule 39(b) and § 13-4434 to better shield certain victim-related information. That argument, however, should be brought through different channels. Whether the disclosure requirements should be revised in light of technological advances is better addressed through a rule change or statutory amendment, either of which would allow broad input and consideration of the policy implications.

7

**III.**

**¶23**     We vacate the court of appeals' opinion and remand Defendant Gill's case for further proceedings consistent with this opinion.