NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Petitioner*,

*v.*

THE HONORABLE JEFFREY RUETER, Commissioner of the SUPERIOR
COURT OF THE STATE OF ARIZONA, in and for the County of
MARICOPA, *Respondent Commissioner*,

MARISSA SOTO, *Real Party in Interest*.

No. 1 CA-SA 14-0083
FILED 06-10-2014

---

Petition for Special Action from the Superior Court in Maricopa County
No.  CR2014-001270-001
The Honorable Jeffrey Rueter, Commissioner

**JURISDITION ACCEPTED; RELIEF DENIED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Lisa Marie Martin
*Counsel for Petitioner*

Maricopa County Public Defender's Office, Phoenix
By Philip O. Beatty
*Counsel for Real Party in Interest*

---

**DECISION ORDER**

Presiding Judge Randall M. Howe delivered the decision of the Court, in which Judge Michael J. Brown and Judge Jon W. Thompson joined.

---

**H O W E**, Presiding Judge:

¶1　　　　This special action concerns the State's challenge to the superior court's order that the State disclose the victims' birth dates in a criminal prosecution. Real Party in Interest Marissa Soto has been indicted on felony charges of fraudulent schemes and artifices, theft, aggravated identity theft, and forgery for allegedly forging e-mails from a Chandler City court judge and her probation officers to trick the victims—Soto's cousin and her cousin's family—into giving her money to pay fictitious court fines. The judge and the probation officers were also named as victims.

¶2　　　　As part of the disclosure required by Arizona Rule of Criminal Procedure 15.1, the State provided the police report, but redacted the victims' birth dates. Soto moved for an unredacted copy of the police report, citing the Arizona Supreme Court's decision in *State ex rel. Montgomery v. Chavez (Gill)*, which holds that the State may not redact victim's birthdates from police reports in a criminal matter without obtaining a court order under Arizona Rule of Criminal Procedure 15.5 to protect that information. 234 Ariz. 255, 257–58 ¶¶ 12–18, 321 P.3d 420, 422–23 (2014). In response, the State moved under Arizona Rule of Criminal Procedure Rule 15.5 for an order permitting the redaction of the victims' birth dates. An affidavit from the chief of the Maricopa County Attorney's Office Investigation Unit was attached to the motion that explained the type of information that could be obtained with a person's birth date. At oral argument on the motions, Soto stated that she intends to use the birth date information to investigate the victims' backgrounds.

¶3　　　　The superior court denied the State's motion to redact and ordered the dates disclosed. Pursuant to Arizona Rule of Criminal Procedure 39(b)(10), the court further ordered that Soto's counsel could disclose the birth dates only to his staff and investigator and could not convey them to Soto. The State moved for a stay of the court's order pending special action review, explaining that the judge and probation officers were opposed to the release of their private information and the

judge was seeking legal advice on the matter. The superior court denied the motion for stay.

¶4            The State moved to reconsider the denial of the motion for stay. The superior court denied the motion, stating that *Gill* was "clear on the issue," and that the superior court had taken "the additional protective step of ordering that the dates of birth not be disclosed to the defendant." The court noted that Soto's counsel had withdrawn the request for the birth dates of the judge and the probation officers, so the State's motions were moot as to them.

¶5            The State petitioned for special action seeking review of the superior court's order and a stay of that order. We granted the stay. Because the court's order is not immediately appealable and an appeal after the disclosure of such information would not adequately protect the State's interest, we accept special action jurisdiction. *See Arpaio v. Figueroa*, 229 Ariz. 444, 446 ¶ 5, 276 P.3d 513, 515 (App. 2012) (special action jurisdiction is "particularly appropriate" when the discovery order applies to privileged or confidential information).

¶6            We review a motion for protective order under Rule 15.5 for an abuse of discretion. *See* Rule 15.5(a) comment ("The court is given broad discretion to limit discovery required by this rule whenever it is shown a risk of harm resulting from a specific disclosure."); *State v. McMurtrey*, 136 Ariz. 93, 96–97, 664 P.2d 637, 640–41 (1983) (trial judge has broad discretion to regulate discovery under Rule 15.5). Disclosure may be "denied, deferred or regulated" when it finds that (1) the risk or harm caused by the disclosure outweighs the disclosure's usefulness and (2) the risk cannot be eliminated by a less substantial restriction of discovery. Rule 15.5(a). The types of harms to be considered are physical harm, intimidation, economic retaliation, or witness harassment. Rule 15.5(a) cmt.

¶7            On the record before us, the superior court did not abuse its discretion in ordering disclosure of the victims' birth dates to Soto's counsel.[1] *Gill* indeed holds that the State has no authority to redact

---

[1]        We interpret the superior court's order to exclude disclosure of the birth dates of the judge and probation officer because Soto's counsel withdrew his request for that information and the superior court found the issue moot. Soto's counsel also stated at oral argument on the stay

victims' birth dates from police reports absent a protective order under Rule 15.5. 234 Ariz. at 256 ¶¶ 5–6, 321 P.3d at 421.[2] *Gill* recognizes that criminal defendants have legitimate reasons to seek the victims' birth dates, including allowing defendants to determine the victims' criminal history, which may affect the victims' credibility. *Id.* at 258 ¶ 19, 321 P.3d at 423. This was Soto's basis for seeking the birth dates.

¶8 Although the nature of the crimes Soto is charged with justifies the State's concern in disclosing the birth dates to Soto herself, the superior court addressed the State's concern and eliminated the risk that Soto would have access to the victim's birth dates. The court expressly limited the disclosure to Soto's counsel and counsel's staff and prohibited any conveyance of the birth dates to Soto. Our rules permit such a restriction. *See* Ariz. R. Crim. P. 39(b)(10) (If a defendant shows good cause for the disclosure of victim's home or work addresses and telephone numbers—information generally protected from disclosure—the superior court may order the information be disclosed only to the defendant's counsel and staff and "not conveyed to the defendant."). Nothing shows that counsel will not follow the superior court's order.

¶9 The State nevertheless argues that the superior court's restriction is not adequate because although the victims' birth dates are protected from disclosure to Soto, the results of counsel's investigation are not and may be shared with Soto. The State notes that birth dates may be used to obtain the victims' home and work addresses, telephone numbers, and other sensitive information. But this same argument was rejected in *Gill*, 234 Ariz. at 258 ¶ 20, 321 P.3d at 423. Moreover, although the State presented evidence about the type of information that could be obtained from birth dates, the State presented no evidence of any specific risk that Soto would harm the victims.

request before this Court that he has withdrawn his request for that information.

[2] We note that the Legislature amended A.R.S. § 13–4434 to provide that a victim may decline to testify about any identifying information and that a prosecution agency may redact such information from police reports. 2014 Ariz. Sess. Laws ch. 151 § 11 (2d Reg. Sess.). The Legislature did so "to protect the privacy of crime victims by preventing the disclosure of a victim's identifying and locating information that may be contained in records pertaining to the criminal case." *Id.* § 16. The amendment becomes effective July 24, 2014.

**¶10**        Under these circumstances, the superior court did not abuse its discretion in ordering the State to disclose the victims' birth dates to Soto's counsel. Consequently, we deny relief.[3] We also lift the stay previously entered.



Ruth A. Willingham · Clerk of the Court
FILED: gsh

---

[3]        Because we deny relief, we also deny Soto's motion to strike the State's reply in this matter as moot.