NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

SCOTT BACKUS, *Appellant.*

No. 1 CA-CR 24-0238

FILED 05-08-2026

Appeal from the Superior Court in Yavapai County
No. S1300CR202380410
V1300CR202280018
The Honorable Michael R. Bluff, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Zickerman Law Office, Flagstaff
By Adam Zickerman
*Counsel for Appellant*

Scott Backus, Florence
*Appellant*

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

---

Presiding Judge Brian Y. Furuya delivered the decision of the Court, in which Judge D. Steven Williams and Judge Angela K. Paton joined.

---

**F U R U Y A**, Judge:

**¶1**        This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969) for Scott Backus's conviction and sentence of Failure to Notify Change of Vehicle Information (No. S1300CR202380410) and the revocation and reinstatement of his probation for Possession of Narcotic Drugs (No. V1300CR202280018). Counsel for Backus has found no arguable questions of law and asks us to search the record for fundamental error. Backus filed a supplemental brief, which we have considered. After reviewing the record, we affirm Backus's conviction and resulting sentences, with a minor modification to his presentence incarceration credit.

## FACTS AND PROCEDURAL HISTORY

**¶2**        We view the facts in the light most favorable to sustaining the conviction and resolve all reasonable inferences against Backus. *See State v. Fontes*, 195 Ariz. 229, 230 ¶ 2 (App. 1998).

**¶3**        In November 2022, a jury found Backus guilty of Possession of Narcotic Drugs (Fentanyl). Backus was subsequently placed on four years' supervised probation beginning in May 2023. That same month, Backus met with the Yavapai County Sheriff's Office ("YCSO") to complete his sex offender compliance meeting, which was required because of a 2003 conviction in New York for sexual misconduct. While completing his registration, Backus stated he was transient and had no vehicles registered to him.

**¶4**        Over the next two months, Cottonwood police officers encountered Backus in a black Ford Crown Victoria registered in his name. On July 31, 2023, an officer learned that Backus had registered his vehicle with the Motor Vehicle Division ("MVD") about two weeks after he completed his sex offender registration but did not inform the YCSO of the vehicle as required. Backus was subsequently arrested on August 1 while sleeping at his mother's house and charged with two counts of Failure to

Register as a Sex Offender—one count for failure to report a change of address and one count for failure to report a change of vehicle.

¶5          Backus initially filed a motion to self-represent but later withdrew his motion and requested counsel be appointed. Backus filed another motion for self-representation in October, and the superior court granted the motion after finding Backus's waiver of his right to counsel was knowing, intelligent, and voluntary. Backus then filed a motion to dismiss, which the court denied.

¶6          Backus also filed a motion for a comparison analysis and a motion to vacate his sex offender registration requirement. In both motions, he argued his New York conviction for sexual misconduct was insufficient to require him to register as a sex offender in Arizona. The court denied the motions, explaining the requirement to register as a sex offender is an element the State must prove to the jury.

¶7          On the first day of trial in January 2024, the court granted Backus's request to reappoint counsel. On the second day of trial, Backus made an oral motion for a mistrial and a motion pursuant to Arizona Rule of Criminal Procedure ("Rule") 20 for judgment of acquittal. The court denied both. Following the three-day trial, the jury found Backus not guilty of Failure to Notify Change of Address but guilty of Failure to Notify Change of Vehicle Information. The jury also found the State proved aggravating circumstances, namely that Backus was on felony probation when he committed the offense. Backus then unsuccessfully moved the court for a new trial, arguing the verdict was legally unsupported and the court erred by issuing an improper jury instruction and by denying Backus's Rule 20 motion.

¶8          On April 9, 2024, the court sentenced Backus. That hearing and resulting sentence complied with Backus's constitutional rights and Rule 26. The court sentenced Backus to 12 years' imprisonment with 221 days' credit for time served and imposed several fines totaling $439. Because Backus committed a felony while on probation for Possession of Narcotic Drugs, the court also found an automatic violation of that probation pursuant to Rule 27.8(e). The court ordered Backus's probation be reinstated for a period of thirty-nine months, set to begin upon his release from prison.

## DISCUSSION[1]

### I.    Failure to Notify Change of Vehicle Information

¶9         Counsel for Backus advised that after a diligent search of the entire record, he found no arguable questions of law. Backus himself raises six arguments in his supplemental brief: (1) the court abused its discretion by leaving the interpretation of Arizona Revised Statutes ("A.R.S.") Section 13-3822(D) to the jury; (2) A.R.S. Section 13-3822(D) is unconstitutionally vague, overreaching, or was incorrectly applied by the State; (3) the court provided legally incorrect jury instructions; (4) the court erred by refusing to vacate his sex offender registration; (5) the prosecutor committed cumulative misconduct; and (6) the court erred by not giving a jury instruction pursuant to *Hash v. State*, 48 Ariz. 43 (1936). We address each argument in turn.

### A.    Interpretation of "Change" in A.R.S. Section 13-3822(D)

¶10        Backus argues the court erred by allowing the jury to decide whether new ownership of a vehicle constitutes a "change" under A.R.S. Section 13-3822(D). Because Backus raised this issue at trial, we review for harmless error. *State v. Henderson*, 210 Ariz. 561, 567 ¶ 18 (2005). An error is harmless if we conclude "beyond a reasonable doubt that the error did not contribute to or affect the verdict or sentence." *Id.*

¶11        The relevant subsection of the statute at issue in Backus's first argument reads:

> A person who is required to register pursuant to this article shall notify the sheriff either in person or electronically within seventy-two hours, excluding weekends and legal holidays, after the person makes any change in the make, model, color or license plate of any motor vehicle that the person owns or regularly operates.

A.R.S. § 13-3822(D).

---

[1]    The State did not file a responsive brief in this case. Backus filed a motion to preclude the State from responding to his supplemental brief because any answer would be untimely. But the State is not required to file an answering brief in an *Anders* appeal, so this issue is moot and we deny Backus's motion for that reason.

¶12            The application of A.R.S. Section 13-3822(D) has two components as it relates to the "change" element. The first component is determining what the qualifying circumstances are for a "change." This is a legal question that requires the court to interpret the word "change" within the meaning of the statute. *PNC Bank, N.A. v. Coury*, 257 Ariz. 52, 55 ¶ 8 (App. 2024) ("A cardinal principle of statutory interpretation is to give meaning, if possible, to every word and provision so that no word or provision is rendered superfluous."). Because interpretation is "wholly a judicial function[,]" *State v. Locks*, 94 Ariz. 134, 138 (1963), the task of deciding what qualifying circumstances constitute a "change" must "not be left to the jury's speculation[,]" *Callender v. Transpacific Hotel Corp.*, 179 Ariz. 557, 560 (App. 1993). Instead, the jury's role is to decide the second component, which is whether the specific facts of the case establish that the qualifying circumstance actually occurred. *State v. Willoughby*, 181 Ariz. 530, 536 (1995) ("The jury's role, as guaranteed by our state and federal constitutions, is to decide the factual issues of a defendant's guilt or innocence.").

¶13            Here, it was undisputed that Backus did not own the Ford Crown Victoria when he initially registered as a sex offender with the YCSO. And Backus does not dispute that this vehicle was registered to him with the MVD two weeks after that sex offender registration, or that he failed to inform the YCSO of this change. The question at trial was whether acquiring a new vehicle after having previously not owned one constitutes a "change" under the statute. Backus argues specifically that the statute requires him to report only "physical alterations to a vehicle that [he] already own[s] or operate[s] regularly" within seventy-two hours, so new ownership does not subject him to this statute.

¶14            Backus's argument addresses whether new ownership is a qualifying circumstance that constitutes a "change" under the statute. As such, this issue involves statutory interpretation, and it was the court's role to make that interpretation for the jury. *Locks*, 94 Ariz. at 138. The jury's role, instead of interpreting the word "change," was to analyze the evidence and decide whether new ownership actually occurred. *Willoughby*, 181 Ariz. at 536. Thus, the court erred by permitting the jury to decide the meaning of "change."

¶15            Because the court erred, we must review whether the court's error was harmless. *Henderson*, 210 Ariz. at 567 ¶ 18. To do so, we review Section 13-3822(D) de novo to determine whether the jury's accepted definition—that "any change" includes acquiring a vehicle after initially registering as a sex offender, where the registrant did not previously own

any vehicle—is the proper definition of the statute. *State ex rel. Montgomery v. Chavez*, 234 Ariz. 255, 256 ¶ 3 (2014). We conclude it is.

**¶16** A.R.S. Section 13-3822(D) requires a defendant to notify the sheriff when he makes "*any* change in the make, model, color or license plate" of a vehicle. (Emphasis added). Transitioning from not owning a vehicle to owning a vehicle is a circumstance that amounts to "any change" in the make, model, color, and license plate of a vehicle because none previously existed. This means new ownership constitutes a "change," and by finding Backus guilty, the jury necessarily used the proper definition. Thus, the court's error did not affect Backus's verdict, so the error was harmless beyond a reasonable doubt.

**B. Constitutionality of A.R.S. Section 13-3822(D)**

**¶17** Backus argues that if the definition of "change," as used in A.R.S. Section 13-3822(D), does include acquiring ownership of a new vehicle, then the statute is unconstitutionally vague or "overreaching." We review de novo whether a statute is unconstitutionally vague or overbroad. *State v. Causbie*, 241 Ariz. 173, 177 ¶ 15 (App. 2016); *State v. Brock*, 248 Ariz. 583, 588 ¶ 10 (App. 2020). We presume constitutionality, and "the challenging party bears the burden of establishing its invalidity." *Brock*, 248 Ariz. at 588 ¶ 10 (citation modified). Further, "[i]n Arizona, opening briefs must present significant arguments, supported by authority, setting forth an appellant's position on the issues raised." *State v. Carver*, 160 Ariz. 167, 175 (1989); *see also* Ariz. R. Crim. P. 31.10(a)(7) (stating that arguments must contain a defendant's contentions with supporting reasons for each contention, and with citations of legal authorities and appropriate references to the record). Failure to make sufficient argument in an opening brief "usually constitutes abandonment and waiver of that claim." *Carver*, 160 Ariz. at 175. "Merely mentioning an argument is not enough." *State v. Moody*, 208 Ariz. 424, 452 n.9 (2004).

**¶18** Here, rather than provide arguments on vagueness and breadth with supporting case law, Backus states his argument in conclusory fashion and then merely poses several hypothetical questions. Such questions are not arguments, *see id.*, so Backus fails to overcome the presumption of constitutionality, *Brock*, 248 Ariz. at 587 ¶ 10. Thus, he has waived this issue.

**C. Jury Instructions**

**¶19** Backus contends the court's final jury instruction deprived him of due process because it combined two elements into one. Because

Backus did not object to this instruction at trial, we review for fundamental error only. *Henderson*, 210 Ariz. at 568 ¶ 22. We will reverse under fundamental error review if the superior court erred, the error was fundamental, and the error resulted in prejudice. *State v. Escalante*, 245 Ariz. 135, 142 ¶ 21 (2018). An error is fundamental if it "went to the foundation of the case[,]" took away "a right essential to [Backus's] defense," or "was so egregious that [Backus] could not possibly have received a fair trial." *Id.* Backus "bears the burden of persuasion at each step." *Id.*

**¶20**     As relevant here, the court instructed the jury that the State must prove Backus (1) was required to register as a sex offender; (2) knew or should have known he was required to register; and (3) failed to notify the sheriff within seventy-two hours "of any change in the make, model, color or license plate of any motor vehicle that the person owns or regularly operates." Backus contends the instructions "told the jury that the change was made, [and] the only question was did [he] notify the Sheriff." He argues the third element should have been split into two elements, namely that he "first, made the change [to his vehicle], and then second . . . failed to notify."

**¶21**     But his interpretation of the instruction is unreasonable. The plain language of the court's instruction clearly required the jury to make a factual finding on whether circumstances constituting a change occurred. Moreover, Backus has failed to show any prejudice. Backus argues the jury did not "find [him] guilty of making a change, they found [him] guilty of not notifying the Sheriff of what the State incorrectly told them was a change." But he fails to point to any evidence in the record showing the jury was unaware or did not understand that it needed to find a change occurred. *See id.* (noting prejudice "involves a fact-intensive inquiry"). To the contrary, the record shows that during closing arguments, both the State and Backus's counsel reminded the jury that it was responsible for determining whether there was a "change in the make, model, color or license plate" of Backus's vehicle. Thus, Backus's argument fails.

### D.     Comparison Analysis and Sex Offender Registration

**¶22**     Backus further asserts the court erred by not granting a comparison analysis to determine if he is required to register as a sex offender under A.R.S. Section 13-3821(A) and by refusing to vacate his sex offender registration pursuant to *State v. Kuntz*, 209 Ariz. 276 (App. 2004). We review the application of Section 13-3821(A) de novo. *Id.* at 278 ¶ 5. Because Backus raised this issue before trial, we review for harmless error. *Henderson*, 210 Ariz. at 567 ¶ 18.

¶23            A.R.S. Section 13-3821(A) requires a person to register as a sex offender "for an offense committed in another jurisdiction that if committed in this state would be a violation or attempted violation" of one of the offenses listed in the statute. When deciding whether a person is subject to A.R.S. Section 13-3821(A), courts may consider only "the judgment of a foreign conviction and [a comparison of] the elements of the foreign offense with the corresponding Arizona offense existing at the time of the conviction . . . ." *Kuntz*, 209 Ariz. at 280 ¶ 13.

¶24            Here, Backus was convicted of sexual misconduct under New York Penal Law Section 130.20 in 2003. Under this statute, a person commits sexual misconduct when:

> 1. He or she engages in sexual intercourse with another person without such person's consent; or
>
> 2. He or she engages in deviate sexual intercourse with another person without such person's consent; or
>
> 3. He or she engages in sexual conduct with an animal or a dead human body.

N.Y. Penal Law § 130.20 (2003). In Arizona, sexual assault is a registrable offense if it satisfies the elements of A.R.S. Section 13-1406(A). A.R.S. § 13-3821(A)(5). In 2003, a person committed sexual assault under A.R.S. Section 13-1406(A) "by intentionally or knowingly engaging in sexual intercourse or oral sexual contact with any person without consent of such person."

¶25            Backus argues that because the New York statute in 2003 included a third definition of sexual misconduct that did not appear in A.R.S. Section 13-1406(A)—namely, "engag[ing] in sexual conduct with an animal or a dead human body[,]" N.Y. Penal Law § 130.20(3) (2003)—his case is similar to the situation in *Kuntz* and his registration should therefore be vacated. We disagree.

¶26            In *Kuntz*, we concluded Mr. Kuntz was not required to register in Arizona for a Minnesota conviction because, after excluding consideration of all evidence other than the judgment of foreign conviction, and then comparing the elements of the relevant statutes, we determined it was possible for Mr. Kuntz to violate the Minnesota statute without violating the Arizona statute. 209 Ariz. at 280 ¶ 12. In coming to that conclusion, we considered the Minnesota statute as a whole, rather than a

specific subsection, because the Minnesota judgment did not specify which subsection Mr. Kuntz had violated. *Id.* at 280 ¶ 11 n.3.

¶27         True, Backus's New York judgment does not specify which subsection of New York Penal Law Section 130.20 he was convicted under. And we acknowledge that the New York statute does contain a subsection by which a conviction would not require registration under A.R.S. Section 13-3821. But where the Certificate of Conviction in *Kuntz* did not contain anything to determine the subsection Mr. Kuntz was convicted of, here, we can verify from examining only the New York Certificate of Conviction that Backus was originally charged with "Endangering the welfare of a child," N.Y. Penal Law § 260.10, and "Rape in the second degree," N.Y. Penal Law § 130.30, neither of which involve sexual conduct with an animal or a dead human body. Thus, the New York Certificate of Conviction makes clear that Backus did not violate N.Y. Penal Law Section 130.30(3) and *Kuntz* is distinguishable from the circumstances applicable to this case. As such, we exclude consideration of the third subsection of the New York statute in our comparison.

¶28         As noted above, in 2003, New York defined sexual misconduct as "engag[ing] in sexual intercourse [or deviate sexual intercourse] with another person without such person's consent[.]" N.Y. Penal Law § 130.20(1)–(2) (2003). In Arizona, in 2003, sexual assault was defined as "intentionally or knowingly engaging in sexual intercourse or oral sexual contact with any person without consent of such person." A.R.S. § 13-1406(A) (2003). Because violation of either N.Y. Penal Law Section 130.20(1) or (2) would also violate A.R.S. Section 13-1406(A), *contrast Kuntz*, 209 Ariz. at 280 ¶¶ 11–12, it does not matter which subsection under which he was convicted and we conclude Backus is required to register as a sex offender. Thus, we discern no error.

E.         **Prosecutorial Misconduct**

¶29         Backus contends that his conviction should be overturned because the prosecutor added, without probable cause, the count of failure to notify a change in address, allegedly in an attempt "to bolster the chances that [the prosecutor] would gain a conviction." But this argument relates to a charge of which Backus was acquitted, so we will not consider it on appeal. *See* A.R.S. § 13-4033(A)(1) (stating that "appeal may be taken by the defendant *only* from: a final judgment *of conviction* . . . ." (emphasis added)).

¶30         Backus also argues the prosecutor engaged in misconduct by having a witness testify that Backus had previously been to prison and by

telling the jury during closing arguments that Backus is a rapist and a level 3 sex offender. Because these issues were not raised at trial, we review for fundamental error. *Henderson*, 210 Ariz. at 568 ¶ 22. Backus states the prosecutor's statements were prejudicial but does not cite any evidence in the record or further explain how he was prejudiced. Thus, because Backus has not established prejudice, his argument fails.

### F.    *Hash* Instruction

¶31        Backus's final argument is that the court erred by denying his request for an instruction on reasonable doubt under *Hash v. State*, 48 Ariz. 43 (1936), and such error "ultimately told the jury that they could assume guilt." Because Backus raised this issue before and during trial, we review for harmless error. *Henderson*, 210 Ariz. at 568 ¶ 22.

¶32        Backus requested the court replace the reasonable doubt instruction with a *Hash* instruction that said, "It is the law that no verdict of guilt can stand on mere suspicion, probabilities, or supposition, for these alone do not warrant a conviction." 48 Ariz. at 57. In *Hash*, our supreme court concluded it was error to omit this instruction because the trial court's instructions in that case did not adequately cover the same notion. *Id.* at 58 (concluding court's instructions "properly advised the jury as to its duty, but hardly went far enough to cover the points of the requested instructions"). Our supreme court further stated that if "the same thought was covered by the court's instructions, then the refusal of these would not be error." *Id.*; *see also State v. Musgrove*, 223 Ariz. 164, 167 ¶ 6 (App. 2009) ("A party is entitled to an instruction on any theory reasonably supported by the evidence" unless the requested instruction "is covered adequately by other instructions[.]").

¶33        Here, the court denied Backus's request and explained the jury instructions would adequately address the same notion. The reasonable doubt instruction given to the jury at trial stated, in part, that "[t]he State must prove guilt beyond a reasonable doubt based on the evidence." Drawing from the Revised Arizona Jury Instructions, the court defined evidence and further instructed that the jury "should not guess about any fact" or "be influenced by sympathy or prejudice." These instructions sufficiently informed the jury that not only must the State prove Backus's guilt beyond a reasonable doubt, but also that the proof must come directly from the evidence. Thus, because the court's instruction adequately covered Backus's requested instruction, it was not required to give that instruction and we discern no error. *Hash*, 48 Ariz. at 58.

### G.    Presentence Credit

**¶34**         "A defendant is entitled to presentence incarceration credit for all time spent in custody pursuant to an offense." *State v. Stevens*, 173 Ariz. 494, 495–96 (App. 1992); *see also* A.R.S. § 13-712(B). Upon review of the record, if we determine the court failed to award all presentence incarceration credit, we may modify the defendant's sentence to include such credit without remanding to the superior court. *See Stevens*, 173 Ariz. at 496; A.R.S. § 13-4037 (appellate court may "correct the sentence to respond to the verdict or finding").

**¶35**         At his sentencing hearing, Backus was awarded presentence incarceration credit for 221 days. After reviewing the dates in which Backus was in custody, we have determined that Backus spent 222 days in custody before his sentencing hearing. Thus, we order that Backus's sentencing order is modified and amended to grant Backus 222 days of credit for presentence incarceration.

## II.    Probation for Possession of Narcotic Drugs

**¶36**         At the sentencing hearing for Backus's conviction of Failure to Notify Change of Vehicle Information, the court found Backus's conviction was an automatic probation violation in his 2022 case for Possession of Narcotic Drugs, pursuant to Rule 27.8(e). The court ordered Backus's probation be reinstated for a period of thirty-nine months, set to begin upon his release from prison. Because we affirm Backus's conviction for Failure to Notify Change of Vehicle Information and the court conducted a disposition hearing in compliance with Rule 27.8, we likewise affirm the court's reinstatement of probation.

### CONCLUSION

**¶37**         This court has read and considered counsel's brief, as well as Backus's brief, and has searched the entire record for fundamental error and found none. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999) (instructing the court to review the record for reversible error).

**¶38**         Further, the record demonstrates that (1) all proceedings complied with the Arizona Rules of Criminal Procedure, (2) Backus was represented by counsel during the proceeding until he knowingly, intelligently, and voluntarily waived his right to counsel, and (3) Backus was present at all critical stages. *State v. Hampton*, 208 Ariz. 241, 243–44 ¶ 7 (2004) ("A defendant can affirmatively waive the right to counsel at trial, as

long as the waiver is knowing, voluntary and intelligent."); *State v. Bohm*, 116 Ariz. 500, 503 (1997) (right to be present at all critical stages).

**¶39**          We modify Backus's sentence to account for the full 222 days of presentence incarceration but otherwise affirm his conviction and resulting sentences of 12 years in prison and 39 months of probation.

**¶40**          Upon the filing of this decision, counsel is directed to inform Backus of the status of the appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Backus shall have 30 days from the date of this decision to proceed, if he desires, with a pro se motion for reconsideration or petition for review.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:          JR